709 P.2d 565

**Joel and Suzanne LANDON, Petitioners,**

**v.**

**James STROUD, Judge Pro Tempore of Pima County Superior Court, and Charles BAIRD, Real Party In Interest, Respondents.**

**2 CA–SA 0257.**

Court of Appeals of Arizona, Division 2, Department B.

July 26, 1985.

Rehearing Denied Sept. 11, 1985.

Review Denied Nov. 13, 1985.

Daniel A. Nicolini, Tucson, for petitioners.

Kerry, Schocket & Dusenberry by Robert A. Kerry, Tucson, for real party in interest.

## OPINION

LIVERMORE, Judge.

Petitioners (Landon) filed a complaint in superior court seeking, inter alia, to foreclose their security interest in a state liquor license. Landon filed a motion for summary judgment, which was granted as against all defendants except the real party in interest, Charles Baird. It is from the order denying summary judgment as to Baird that this special action was taken. Because we conclude that the trial court abused its discretion and that granting relief will serve to terminate the litigation, *Lawson v. Arnold*, 137 Ariz. 304, 670 P.2d 409 (App.1983), we accept jurisdiction to resolve the single issue presented by the petition, one of statewide importance: whether a security interest in a liquor license may be perfected by filing a "Statement of Legal or Equitable Interest" with the Arizona Department of Liquor Licenses and Control?

The license in question was originally owned by Baird and was sold to Elmer Carrier and Pamela Maxwell in 1980 pursuant to an agreement for sale and promissory note, which purported to create a security interest in the license in favor of Baird. At the same time, the parties executed a "Statement of Legal or Equitable Interest," Form 173 of the Department of Liquor Licenses and Control, which was filed with the department in accordance with A.R.S. § 4–112(B) [1] and departmental regulation R4–15–58.[2] The statement is a pre-printed form with appropriate blanks and provides as follows:

"The above licensee [Carrier and Maxwell] hereby grants to the above-named

---

**1.** A.R.S. § 4–112(B)(4) provides:

Except as provided in subsection A of this section, the superintendent shall administer the provisions of this title, including:

. . . .

4. Keeping an index record which shall be a public record open to public inspection and shall contain the name and address of each licensee and the name and address of any person having an interest, either legal or equitable, in such license as shown by any written document, which document shall be placed on file in the office of the board.

**2.** Regulation R4–15–58, renumbered without change as R4–15–239 effective October 8, 1982, provides:

A. In accordance with A.R.S. § 44–112.-B.4., all persons having a legal or equitable interest in a spirituous liquor license shall file with the Superintendent a statement of such interest on a form prescribed and furnished by the Department. Notice of termination of such interest shall be filed in writing by the interest holder upon final determination of the interest. Interest holders shall immediately file amended statements to reflect any change in the current statements presently on file.

B. The Superintendent may periodically, by notice to the holders of interests filed under this Regulation and under A.R.S. § 4–112.B.4., require such interest holders to verify in writing to the Superintendant [sic] that the statement presently on file is currently correct and accurate and, if not, such interest holder shall immediately file an amended statement or termination notice. If no response is received by the Superintendent within thirty (30) days of the mailing of such notice, the interest shall be deemed terminated.

C. All persons having filed statements of interest in accordance with this Regulation and the statute shall be given notice of all matters and/or actions affecting or regarding the spirituous liquor license in which they have an interest.

D. Notice as required in C. above shall be fully effective by mailing a copy thereof by registered or certified mail in a sealed envelope with postage prepaid and addressed to such person at his address as shown by the statement on file with the Board. Service of such notice shall be complete when deposited in the U.S. Mail.

E. All interest holders who are entitled to receive notice as provided for hereinabove shall have the right to appear and participate in person and through counsel in any hearing held before the Board or Superintendent affecting the subject spiritous liquor license as his interests may appear.

F. The statement of legal or equitable interest shall allow the person filing said statement to participate in the proceedings and shall not in any manner bind the Superintendent or the State Liquor Board concerning the matter under consideration.

interest holder [Baird] a legal and/or equitable interest in the above designated spirituous liquor license, pursuant to and in accordance with that certain *Promissory Note and Agreement Agreement [sic] for Sale* (herein describe the type of the document; i.e., promissory note, security agreement, sales agreement, chattel mortgage, etc.), hereinafter called Collateral Agreement, between licensee and interest holder dated *January ——, 1980,* which Collateral Agreement is incorporated herein by reference.

An executed copy of the Collateral Agreement will be located at *405 W. Franklin, Tucson, Arizona* and will be available for inspection and copying at all reasonable business hours. This interest is granted in connection with the following transactions and for the following reasons:

This statement is filed in accordance with ARS § 4–112B(4) and Superintendent's regulation No. R4–15–58. The statement of legal or equitable interest shall allow the person filing said statement to participate in the proceedings and shall not in any manner bind the Superintendent or the State Liquor Board concerning the matter under consideration. The parties acknowledge and agree that all notices, documents or other correspondence or contact will be made with the parties at the addresses shown hereinabove, unless same are changed in writing and delivered to the Department of Liquor Licenses and Control."

No financing statement was executed or filed in the secretary of state's office.

In February 1981 Carrier entered into a lease agreement with Landon, performance of which was secured by an agreement granting Landon a security interest in the license which was executed at the same time, along with a financing statement and a statement of legal or equitable interest. The financing statement was filed in the

secretary of state's office on March 24, 1981, and although the record is not entirely clear on this point, it appears that the statement was filed with the department at approximately the same time. It is this security interest which Landon seeks to foreclose.

Landon's argument before the trial court and this court is that, at best, Baird's security interest was in a general intangible which, under former A.R.S. § 44–3140(A)(3),[3] required the filing of a financing statement in the office of the secretary of state in order to be perfected. Since the records of that office contained no such filing, much less a filing prior to March 24, 1981, Baird's only interest was as the holder of an unperfected security interest and was therefore subordinate to Landon's interest under former A.R.S. §§ 44–3122 and 44–3133.

In response, Baird contends that his security interest was exempt from the requirement of filing with the secretary of state by former A.R.S. § 44–3123(C) and (D), which provides:

"C. The filing of a financing statement otherwise required by this article is not necessary or effective to perfect a security interest in property subject to:

1. A statute or treaty of the United States which provides for a national or international registration or a national or international certificate of title or which specifies a place of filing different from that specified in this article for filing of the security interest; or

2. A statute of this state (other than § 44–3140) which provides for central filing of, or which requires indication on a certificate of title of, such security interest in such property, including § 28–325, which requires indication thereof on a certificate of title for a vehicle required to be titled and registered under § 28–302 and for a mobile home required to be titled under § 42–643; but during any period in which such property subject to

---

**3.** The Uniform Commercial Code as adopted in Arizona has been recodified at §§ 47–1101 et seq. See Laws 1984, Ch. 77, §§ 2, 3, and 29.

All references herein are to the statutes in effect prior to this recodification.

such a statute is inventory held for sale by a person who is in the business of selling goods of that kind, the filing provisions of this article (§§ 44–3140 through 44–3146.02) apply to a security interest in that collateral created by him as a debtor; or

3. A certificate of title statute of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection (subsection B of § 44–3103).

D. Compliance with a statute or treaty described in subsection C is equivalent to the filing of a financing statement under this article, and a security interest in property subject to the statute or treaty can be perfected only by compliance therewith except as provided in § 44–3103 on multiple state transactions. Duration and renewal of perfection of a security interest perfected by compliance with the statute or treaty are governed by the provisions of the statute or treaty; in other respects the security interest is subject to this article."

Baird argues that A.R.S. § 4–112(B)(4) is such a "statute . . . which provides for central filing" under § 44–3123(C)(2) and that his security interest was therefore perfected and entitled to priority over that of Landon. We disagree.

■ One of the purposes of the filing requirements of the Uniform Commercial Code, like that of any recording statute, is to provide notice to those who may subsequently deal with the debtor or the collateral of the existence of prior outstanding interests or encumbrances. A concomitant purpose is to enable the creditor to perfect his security interest, and thereby gain priority over almost all creditors besides the holders of prior perfected interests, because he has taken action which would put a diligent searcher on notice of his claim. J. White and R. Summers, Uniform Commercial Code § 23–5 at 919 (2d. ed. 1980). The exemptions set forth in § 44–3123 are intended to apply only where alternative federal or state systems for giving such public notice are available. See generally,

J. White and R. Summers, supra, § 23–11. Section 4–112(B)(4) can be considered as creating such an alternative system only if, in purpose and effect, compliance with its terms provides public notice of the existence of prior security interests in liquor licenses.

We note initially that the statute does not, by its terms, require that instruments evidencing security interests be filed with the department, although regulation R4–15–58 does impose such a requirement. While this omission from the statute is not necessarily dispositive of the issue, it acquires additional significance when the statute is compared with the provisions of A.R.S. § 28–325, pertaining to liens and encumbrances on motor vehicles, which is specifically exempted under § 44–3123(C). Section 28–325 not only requires the filing of instruments evidencing security interest with the motor vehicle division and their notation on the certificate of title, but further provides that, unless properly filed, such interests are invalid as against subsequent purchasers or encumbrancers without notice. A.R.S. § 28–325(A). No similar consequence for nonfiling is created either by § 4–112(B)(4) or regulation R4–15–58. Indeed, unlike § 28–325(A) and § 44–3133 neither the statute nor the regulation purports to affect priorities among creditors or other interest holders in any way.

Further, we believe the purpose of the requirement for filing with the department is evidenced in the regulation, and that is to enable the department to notify all interest holders of all matters or actions affecting the license and to permit them to appear and participate in any proceedings before the department concerning the license. This conclusion is reinforced by the affidavit of department superintendent L.H. Robertson, filed in support of the motion for summary judgment, which states that the department does not receive copies of financing statements or other documents for the purpose of perfecting security interests or other liens and that the sole purpose of the requirement is as set forth above.

■ In sum, we conclude that the purpose of § 4–112(B)(4) and regulation R4–15–58 was solely to enable the department to provide notice to interest holders of proceedings affecting the license, and not to provide public notice of outstanding interests or to establish priorities among those interests. Accordingly, to the extent that the trial court may have based its order denying summary judgment on the ground that § 4–112 provided an alternative filing system and that Baird's security interest was therefore exempt from filing with the secretary of state, the trial court abused its discretion and its order must be vacated.

■ Although not argued by the parties, the trial court's order appears to raise an issue with respect to whether Baird's filing with the department was sufficient to grant him priority over Landon under A.R.S. § 44–3140(B), which provides:

"A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

Although Landon denied any knowledge of the existence of Baird's security interest, Baird's affidavit states that he was informed by Carrier "that JOEL LANDON required that he review a copy of the Agreement for Sale creating my security interest in the liquor license prior to entering into the transaction with CARRIER and, therefore, LANDON had actual knowledge of the existence of my security interest in the liquor license." If Baird had filed a financing statement with the department along with the statement of legal or equitable interest or, arguably, if the state-

ment itself had substantially complied with § 44–3141,[4] a material issue of fact would exist as to whether Landon had actual knowledge of the contents of an improperly filed financing statement and was therefore denied priority under § 44–3140(B). However, the undisputed facts are that Baird did not file a financing statement with the department, nor can the statement of legal or equitable interest be considered as substantially complying with § 44–3141. The statement merely identifies Baird's interest as arising under an agreement for sale and a promissory note. Nowhere is the term "security interest" or "security agreement" used, despite the directive in the form that the interest be so described and that the reasons for the granting of the interest be set forth. Under these circumstances, even assuming that Baird could establish that Landon had actual notice of the security interest, he is not entitled to claim perfection and priority under § 44–3140(B).

In sum, Baird has failed to establish any genuine issue of material fact and Landon was entitled to summary judgment declaring their security interest to be a valid and perfected security interest which is prior and superior to that of Baird. The order of the trial court denying Landon's motion for summary judgment is vacated, and the trial court is directed to enter summary judgment in favor of Landon.

HATHAWAY, P.J., and LACAGNINA, J., concur.

---

**4.** Former A.R.S. § 44–3141(A) provides in part:
  "A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral."