556 P.2d 23

The STATE of Arizona ex rel. the STATE COMMUNITY COLLEGE BOARD, a body politic, the Cochise College District Governing Board, a body politic, Appellants,

v.

SERGENT, HAUSKINS & BECKWITH, INC., formerly Warne, Sergent & Hauskins, B. Dwaine Sergent and Jane Doe Sergent, his wife, John B. Hauskins and Jane Doe Hauskins, his wife, George H. Beckwith and Jane Doe Beckwith, his wife, James B. Warne, Jr. and Jane Doe Warne, his wife, Engineers Testing Laboratories, Inc., Appellees.

The STATE of Arizona ex rel. the STATE COMMUNITY COLLEGE BOARD, a body politic, the Cochise College District Governing Board, a body politic, Appelants,

v.

MAGADINI ASSOCIATES, INC., a Professional Corporation, Charles R. Magadini and Jane Doe Magadini, his wife, H. M. Elliott and Jane Doe Elliott, his wife, J. S. Alagia and Jane Doe Alagia, his wife, J. H. Gervasio and Jane Doe Gervasio, his wife, Appellees.

Nos. I CA–CIV 2694, I CA–CIV 2784.

Court of Appeals of Arizona,
Division 1,
Department A.
Aug. 19, 1976.

Rehearing Denied Oct. 6, 1976.
Petition for Review Denied Nov. 9, 1976.

Bruce E. Babbitt, Atty. Gen. by Monte C. Clausen, Sp. Asst. Atty., Phoenix, for appellants.

Engdahl, Jerman, Butler & Estep by Dean Estep, Lewis & Roca by Joseph E. McGarry, Paul G. Ulrich, Richard N. Goldsmith, Phoenix, for appellees Sergent, Hauskins & Beckwith, Inc., and others.

**470**

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by M. E. Rake, Jr., Phoenix, for appellee Magadini Associates, Inc.

## OPINION

OGG, Judge.

We are reviewing two consolidated cases involving alleged negligence and breach of contract in the construction of two dormitories at Cochise College in Douglas, Arizona.

■ The issue determining both appeals is whether appellant/plaintiffs, the State Community College Board and the Cochise College District Governing Board qualify as the "state" in order to nullify the defense of the statute of limitations under the provisions of ARS § 12–510, which reads:

The *state* shall not be barred by the limitations of actions prescribed in this chapter. [Emphasis added]

The two appellee/defendants Sergent, Hauskins and Beckwith, Inc., in 1 CA–CIV 2694, and Magadini Associates, Inc., in 1 CA–CIV 2784, are engineering firms who performed work in the construction of the two dormitories.

Sergent, Hauskins and Beckwith (soils engineers) entered into a written contract with the State Board of Directors for Junior Colleges to test the soils on the proposed building site. It is the position of the soils engineers that more than seven and one-half years elapsed from the time of the completion of the work and that any claim by the Board is now banned under the six year written contract statute of limitations, which reads:

§ 12–548, ARS. Contract in writing for debt; six year limitation

An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward.

Magadini Associates, Inc. (structural engineers) were retained by the architects to do the structural engineering on the dormitories. For the purposes of this appeal all parties agree that the Boards' only cause of action against the structural engineers rests in tort.

It is the position of the structural engineers that the Boards had notice of the alleged tortious conduct at least six years prior to filing the complaint and that the Boards' cause of action is barred by ARS § 12–542, the two year tort statute of limitations. The pertinent portion of § 12–542 reads:

There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: . . .

3. For trespass for injury done to the estate or the property of another.

Both engineering firms filed motions for summary judgment. The trial court granted the motions in ruling that all the claims of the Boards were barred by the statute of limitations. The Boards then filed this appeal.

The Boards allege that the trial court was in error in granting the motions for summary judgment for the reason that the statute of limitations has no application against the "state" under the provisions of ARS § 12–510.

The facts in both cases are not in dispute. The State Community College Board holds the legal title to the dormitories involved in this litigation. The Cochise College District Governing Board is only a nominal party. The building of the dormitories was financed through the medium of revenue bonds which are repaid out of rent charged students for the use of the dormitories. The Boards waited more than seven and one-half years after completion of the work to bring an action against the soils engineers. Similarly, the Boards waited more than six years after notice of the alleged negligence of the structural engineers before filing the complaint.

The Boards are clearly barred from seeking relief from the engineering firms by operation of the statute of limitations unless the Boards are considered to be the "state" and entitled to immunity from the operation of the statute of limitations pursuant to the provisions of ARS § 12–510.

A review of cases from other jurisdictions shows there is a split of authority as to whether a state board has the same immunity from the operation of the statute of limitations as the state itself. See 53 C.J. S. Limitations of Actions § 16 (1948).

▌ The Arizona Supreme Court has discussed the status of the Arizona Board of Regents, a body corporate, which has almost identical powers as the State Community College Board. ARS § 15–724. ·It is our opinion that the legal principles applicable to the Arizona Board of Regents also apply to the State Community College Board.

Depending upon the facts in each case the Arizona Supreme Court has found the Board of Regents to be: 1) a body corporate, *Fairfield v. W. J. Corbett Hardware Co.,* 25 Ariz. 199, 215 P. 510 (1923); 2) *not* to be the State of Arizona but a separate legal entity, *Board of Regents v. Sullivan,* 45 Ariz. 245, 42 P.2d 619 (1935); 3) the "state" as such term is used in the Minimum Wage Law, *State v. Miser,* 50 Ariz. 244, 72 P.2d 408 (1937); and 4) an agency of the state, *Board of Regents v. City of Tempe,* 88 Ariz. 299, 356 P.2d 399 (1960).

▌ The criteria for determining if the Community College Board is acting as a corporation; agency of the state; political subdivision; or as the "state" was set forth in *Board of Regents v. City of Tempe,* supra, at 305, 356 P.2d at 403:

Whether the Board of Regents is deemed to be the State depends on the *particular circumstances of the case.* Thus, in *Board of Regents of University of Arizona v. Sullivan,* 45 Ariz. 245, 42 P.2d 619, it was held that the Board of Regents is not the 'state' within the

meaning of Article IX, Section 5 of the Constitution imposing a dollar limitation upon the power of the State to contract debts. In *State of Arizona v. Miser,* 50 Ariz. 244, 256, 72 P.2d 408, 413, on the other hand, this Court held that the Board of Regents, and consequently the State University, 'comes within the term, "state" ', as used in the Minimum Wage Law. [Emphasis added]

After a review of the cases it appears that each case must stand on its own facts. Under the particular facts of this case it is our opinion that the Community College Board was acting in its corporate capacity and that the provisions of § 12–510, granting immunity from the operation of the statute of limitations, has no application.

The *Board of Regents v. Sullivan,* supra, is the case most pertinent to the issues raised by this appeal. In *Sullivan* the University of Arizona attempted to finance new construction at the University by selling bonds to federal agencies under the provisions of the Educational Institutions Act of 1934. The University attempted to borrow $623,000 to be secured by revenue bonds. The Attorney General refused to certify the bonds for the reason that the sum involved exceeded the $350,000 debt limit as provided by the Arizona Constitution, Article IX, Section 5. The court, in directing the Attorney General to certify the bonds, held that the bonds did not exceed the constitutional debt limit placed upon the State of Arizona for the reason that the Board of Regents was not the State of Arizona but rather a separate corporate entity. The bonds did not create a debt against the state but were solely a debt of the Board of Regents and were payable from the gross income of the particular revenue producing projects financed by the revenue bonds.

The fact situation here is similar to *Sullivan* since the State Community College Board could not have legally raised the necessary funds for the construction of the two dormitories if it was in fact acting as the "state." Under Article IX, § 5 of the

Arizona Constitution, the state is limited in its power to contract debts in excess of $350,000. In addition, Article IX, § 8 of the Arizona Constitution provides for local debt limits. This article provides that "[U]nder no circumstances shall any county or school district become indebted to an amount exceeding ten per centum of such taxable property, as shown by the last assessment roll thereof . . ." We find it inconsistent to reason that the State Community College Board was not the "state" and was acting as a separate corporate entity when it issued the revenue bonds to finance the two new dormitories and then to reverse our position and hold that the Board was acting as the "state" during the construction so that it would be entitled to ignore the statute of limitations under the protection of ARS § 12–510.

It appears that the Legislature realized the dilemma faced by our college institutions which needed to expand facilities while tied to constitutional debt limitations.

The legislation creating the board of directors for community colleges specifically established the Board as a body corporate:

"A.R.S. § 15–659. General powers of state board of directors for community colleges as body corporate.

A. The state board shall be a body corporate with the perpetual succession and shall have the name 'state board of directors for community colleges of Arizona'.

B. The state board may:

1. Adopt a corporate seal.

2. Contract and be contracted with.

3. Sue and be sued.

ARS § 15–696.07 provides that bonds issued for the construction of buildings such as dormitories shall be the sole obligation of the Board and shall not be the obligation of the State of Arizona and that such bonds shall be repaid from the income derived from the particular revenue producing projects financed by the bonds.

An examination of the cases when viewed with the pertinent statutes leads us to the conclusion that the Board was acting in a corporate capacity and not as the "state" when it issued the bonds and constructed the two dormitories.

With that conclusion we need not discuss the further contention of the engineering firms that the Board cannot claim the protection of ARS § 12–510 since it was acting in a proprietary rather than a governmental capacity.

■ The Boards also plead an alternative position in this case. The Boards reason that even if the statute of limitations has run they still have the right to collect for any damages which accrued within six years prior to the complaint against the soils engineers and for such damages that accrued within two years after the complaint was filed against the structural engineers. The Boards claim that under the doctrine of "continuing damage" (successive injury) they have and will continue to suffer damages until the inherent flaws in the construction of the buildings are corrected. The Boards cite two cases in support of this novel theory. *City of Tucson v. Apache Motors,* 74 Ariz. 98, 245 P.2d 255 (1952); *Arkebauer v. Falcon Zinc Co.,* 178 Ark. 943, 12 S.W.2d 916 (1929). These two cases deal with continuing nuisances. The theory that a new cause of action arises upon the occurrence of each new injury is peculiar to the law of continuing nuisances and has no application to the facts of this case. *City of Tucson v. Apache Motors,* supra. It is not contended nor could it be argued that the Boards had a cause of action against the engineering firms on the basis that the two dormitories constituted a temporary or continuing nuisance. We therefore reject the Boards' alternate theory.

The judgment of the trial court in both cases consolidated for this appeal is hereby affirmed.

FROEB, J., and DONOFRIO, P. J., Department A, concur.