619 P.2d 736

Patricia STEPHENS, surviving wife of David Charles Stephens, Deceased, individually and on behalf of Troy Stephens, Anthony Stephens and John Stephens, surviving children of said Decedent, Appellants,

v.

TEXTRON, INC., a Delaware Corporation; Bell Helicopter Company, a division of Textron, Inc., a Corporation; Skychoppers, Inc., a Colorado Corporation; Skychoppers of Utah, Inc.; Skychoppers of Idaho, Inc., Appellees.

No. 14680.

Supreme Court of Arizona, In Division.

Oct. 21, 1980.

Rehearing Denied Nov. 25, 1980.

Langerman, Begam, Lewis, Leonard & Marks by Anthony J. Palumbo, Phoenix, for appellants.

Snell & Wilmer by Warren E. Platt, Lawrence F. Winthrop, Douglas W. Seitz, Phoenix, for appellee Textron, Inc.

Lord, Bissell & Brook by Fred C. Begy III, Hugh C. Griffin, Chicago, Ill., and Lewis & Roca by D. W. Grainger, Paul G. Ulrich, Phoenix, for appellees Skychoppers, Inc., et al.

STRUCKMEYER, Chief Justice.

This action was brought by Patricia Stephens for damages for the wrongful death of her husband, David Charles Stephens. Motions for summary judgment were granted in the Superior Court, and this appeal followed. Judgment of the Superior court affirmed.

On April 22, 1975, David Charles Stephens was fatally injured in the course of his employment in the crash of a helicopter. His surviving wife, appellant herein, applied for and received Workmen's Compensation benefits pursuant to the laws of the State of Arizona. On April 22, 1977, within the two–year statute of limitations, A. R. S. § 12–542, this action was brought for wrongful death. On June 23, 1977, appellant entered into an assignment with the State Compensation Fund which provided that the Fund "hereby assigns, sets over, transfers and conveys to applicant [surviving widow, Patricia Stephens] all of its rights * * *". This was for the purpose, as stated in an addendum to the assignment dated January 18, 1978, providing in part that the State Compensation Fund "has been desirous since the inception of Applicant's cause of action, of having Applicant proceed to a successful conclusion of her action in order that S.C.F. could invoke the lien provisions of A. R. S. § 23–1023 and obtain reimbursement of the benefits expended by it." The addendum also provided that it was the mutual intention of the parties to have the assignment of June 23, 1977 retroactive to the date of the filing of Patricia Stephens' complaint on April 22, 1977.

Appellees filed a motion for summary judgment, asserting that Patricia Stephens' action was barred by the provisions of A. R. S. § 23–1023(B).

A. R. S. § 23–1023(B) provides:

"If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof."

The Superior Court granted appellees' motion and from the judgment entered thereon, this appeal has been perfected.

By A. R. S. § 12–542, an action may be commenced within two years for injuries done to the person of another when death ensues, but since appellant failed to commence her lawsuit within one year, her claim was assigned to the State Compensation Fund by the operation of law, A. R. S. § 23–1023(B), quoted supra. The assignment divested appellant of any interest in the action for wrongful death. *K. W. Dart Truck Company v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977); *Martinez v. Bucyrus–Erie Company*, 113 Ariz. 119, 547 P.2d 473 (1976). Hence, when she filed her complaint two years after the crash, she lacked any interest in the cause of action. The State Compensation Fund had become the owner.

Appellant urges that her lack of interest was cured by the Fund's reassignment of the claim to her six months later. She relies heavily on *Henshaw v. Mays*, 20 Ariz. App. 300, 512 P.2d 604 (1973), in support of her position. In *Henshaw*, the Court of Appeals held that a wrongful death action could be filed and maintained in the second year after the accident where the compensation carrier reassigned the claim after the complaint had been filed, but before the

statute of limitations ran. Here, the Fund reassigned the claim to appellant after the statute of limitations expired.

As an assignee, appellant can stand in no better position than the assignor. *In re Estate of Pitt*, 1 Ariz.App. 533, 542, 405 P.2d 471 (1965). And since the Fund was barred by the statute of limitations, so was appellant. Their attempt to make the assignment retroactive to the date the complaint was filed may have some meaning between them, but it is meaningless as to third parties. An assignment cannot alter the defenses or equities of a third party. *See Arizona Title Insurance & Trust Co. v. Realty Invest. Co.*, 6 Ariz.App. 180, 182, 430 P.2d 934 (1967).

In holding that appellant's complaint was barred by the statute of limitations, we do not lend our approval to *Henshaw v. Mays*, supra. That case was decided prior to this Court's determination of *K. W. Dart Truck Company v. Noble*, supra, and *Martinez v. Bucyrus–Erie Company*, supra. *Henshaw's* approval of the reassignment there was based partly on the idea, subsequently rejected in *Dart*, that the assignment by law to the carrier was only a partial assignment. It is an open question whether a claim may be reassigned and what interest is conveyed thereby.

Appellant further argues that A. R. S. § 23–1023(B), as interpreted in *Martinez* and *Dart*, violates the equal protection of the law. The principle governing here is that where the classification drawn by the state does not involve a suspect class of persons or a constitutionally protected interest, equal protection is offended only if the classification is wholly unrelated to the objectives of the state's action. *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 99 S.Ct. 383, 390, 58 L.Ed.2d 292 (1978); *see Harris v. McRae*, —— U.S. ——, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980).

Arizona enacted the Workmen's Compensation Act:

"primarily for the benefit of the injured employee and his dependents * * * and secondarily for the benefit of the employer. * * * The public policy has been, first, to protect the employee whose injury arose in and out of the course of his employment; and second, to protect the Compensation fund administered by the commission, which indirectly benefits the employer." *State v. Pressley*, 74 Ariz. 412, 418, 250 P.2d 992 (1952).

The 1969 amendment to the Act, resulting in the present A. R. S. § 23–1023(B), quoted supra, provides a means by which the solvency of the Compensation Fund may be maintained consistent with lower premiums to the insured employers. The Legislature's treatment of tort plaintiffs who have received Workmen's Compensation benefits does not violate equal protection.

Affirmed.

HOLOHAN and GORDON, JJ., concur.