670 P.2d 409

**Norbert LAWSON and Jane Doe Lawson, husband and wife, doing business as Woodpile Tree Service; and Pettibone Corporation, a Delaware corporation, Petitioners,**

**v.**

**The Honorable Jack T. ARNOLD, Judge of the Pima County Superior Court, Respondent,**

**and**

**James G. Weinhold and Michelle Weinhold, husband and wife, Real Parties in Interest.**

**No. 2 CA–CIV 4787.**

Court of Appeals of Arizona, Division 2.

May 13, 1983.

Rehearing Denied June 28, 1983.

Review Denied Sept. 20, 1983.

Kimble, Gothreau, Ryan, Nelson & Cannon, P.C. by William Kimble, Tucson, for petitioners Lawson.

Jennings, Strouss & Salmon by Barry E. Lewin, Phoenix, for petitioner Pettibone.

Bilby, Shoenhair, Warnock & Dolph, P.C. by John E. Lindberg, Tucson, for real parties in interest.

## OPINION

HATHAWAY, Judge.

█ Petitioners invoke the special action jurisdiction of this court to review an order of the respondent court denying their motions for summary judgment. The denial of such motions is not appealable, and we think relief by way of special action is appropriate in this case where our decision will effectively terminate the litigation. *Trujillo v. Brasfield,* 119 Ariz. 8, 579 P.2d 46 (App.1978). We therefore assume jurisdiction.

Petitioners are defendants in a pending Pima County Superior Court action for personal injuries filed by the real parties in interest, plaintiffs below. The undisputed facts are as follows. The accident which gave rise to this lawsuit occurred on October 20, 1980. Since the plaintiff/husband was injured in the course of his employment, he applied for and received workmen's compensation benefits. This lawsuit was filed on November 26, 1981, approximately 13 months after the cause of action accrued. On November 12, 1982, plaintiffs obtained a reassignment of the claim from INA, the compensation carrier.

Petitioners' motion for summary judgment was based on the fact that the two-year statute of limitations barred the action, that is, since the reassignment occurred after expiration of the limitations period, that date controlled as to whether the lawsuit was barred since the plaintiffs had no claim when they filed the lawsuit on November 26, 1981.

Plaintiffs, in opposition to the motions for summary judgment, took the position that A.R.S. § 23–1023(B) does not specify when the reassignment must be obtained in order to be valid. Therefore, they argue that since the lawsuit was commenced prior to expiration of the statute of limitations, the reassignment was retroactive to the date of filing their complaint.

A.R.S. § 23–1023 provides in pertinent part:

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. *After the reassignment,* the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year." (Emphasis added).

This statute was amended by Laws 1981, Chapter 226, § 1, and became effective April 27, 1981. In *Chevron Chemical Company v. Superior Court,* 131 Ariz. 431, 641 P.2d 1275 (1982), our supreme court pointed out that the amendment of the statute to allow reassignment to the employee was apparently a legislative response to its decision in *Ross v. Superior Court,* 128 Ariz. 301, 625 P.2d 890 (1981), holding that once the claim has been assigned to the employer or the employer's insurance carrier, it could not be reassigned.

In *Stephens v. Textron, Inc.,* 127 Ariz. 227, 619 P.2d 736 (1980), our supreme court held that the compensation fund's reassignment of a claim after the two-year statute of limitation for bringing an action for wrongful death had expired did not preserve the action. In *Stephens,* as here, the lawsuit was filed prior to the running of the limitations period but the assignment by the fund occurred after expiration of the

limitations period. The parties had included an addendum which provided that it was their mutual intention to have the assignment retroactive to the date of the filing of the complaint. The court pointed out that when the appellant filed her complaint, she lacked any interest in the cause of action as the compensation fund had become the owner. It rejected appellant's argument that her lack of interest was cured by the fund's reassignment of the claim to her six months later, stating:

> "As an assignee, appellant can stand in no better position than the assignor. [citation omitted] And since the Fund was barred by the statute of limitations, so was appellant. Their attempt to make the assignment retroactive to the date the complaint was filed may have some meaning between them, but it is meaningless as to third parties." 127 Ariz. at 230, 619 P.2d 736.

The court did not pass upon the question of whether a claim may be reassigned and it was not until *Ross* that the question was answered. Contrary to plaintiffs' argument, the very language of A.R.S. § 23–1023(B) militates against their retroactivity argument. It is not until *after the reassignment* that the employee's rights to pursue the claim as if it had been filed within the first year are restored.

We hold that the plaintiffs had no interest in the cause of action when they filed their lawsuit and the subsequent reassignment to them after the limitations period had run did not preclude the petitioners from raising the statute of limitations as a bar. We find no merit in plaintiffs' argument that petitioners, by failing to plead the statute of limitations, thereby waived it. *Trujillo v. Brasfield, supra.* The defense of the statute of limitations may be raised by a motion for summary judgment. *Weller v. Weller,* 14 Ariz.App. 42, 480 P.2d 379 (1971). Although plaintiffs suggest that petitioners may be estopped from asserting the statute of limitations, the affidavit in support of their opposition to the motion for summary judgment contains no facts which, if proven, would raise an estoppel issue.

Since there are no material factual issues and petitioners are entitled to judgment as a matter of law, the respondent court should have granted their motions for summary judgment. We therefore vacate the order denying petitioners' motions and direct the respondent court to enter an appropriate order in conformity with this opinion.

HOWARD, C.J., and BIRDSALL, J., concur.