736 P.2d 813

**Ossie DUCKSWORTH,**
**Plaintiff/Appellant,**

v.

**TOWMOTOR CORPORATION, an Ohio corporation; Empire Machinery Co., Inc., an Arizona corporation; and Empire Lift, Inc., an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CV 5894.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 29, 1987.

Reconsideration Denied March 9, 1987.

Review Denied April 28, 1987.

mary judgment may not be granted. Ariz. Const. Art. 18, § 5, *Cohen v. Sahuaro Petroleum* & *Asphalt Co.*, 17 Ariz.App. 215, 496 P.2d 641 (1972).

DeConcini, McDonald, Brammer, Yetwin & Lacy by Kenneth C. Sundlof, Jr. and Diane M. Miller, Phoenix, for plaintiff/appellant.

Fennemore, Craig, von Ammon, Udall & Powers by Linwood C. Perkins, Jr. and William T. Burghart, Phoenix, for defendant/appellee Towmotor Corp.

Stinson & Douglas by William H. Douglas and Warren R. Brown, Phoenix, for defendants/appellees Empire Machinery Co., Inc. and Empire Lift, Inc.

## OPINION

LIVERMORE, Presiding Judge.

Donnie Ducksworth, a refuse container repairman for the City of Tempe, was killed in an industrial accident on October 14, 1982. His mother, plaintiff Ossie Ducksworth, filed a claim for death bene-fits with the Industrial Commission in June 1983. In February 1984 that claim was settled by the City of Tempe for $7,500.00, the settlement agreement providing:

> The parties expressly agree that if Ossie Ducksworth, by any means whatsoever, becomes entitled to any monies because of any lawsuits arising out of the October 14, 1982 death of her son, then, in that event, the City of Tempe shall be entitled to a credit in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) against any recovery or payments received by trial or settlement that the applicant may become entitled by reason of the aforesaid accident.

Thereafter, on October 10, 1984, plaintiff filed negligence and strict liability claims against defendants. That complaint was dismissed for failure to obtain a reassignment of the claim under A.R.S. § 23–1023. We reverse.

The narrow issue presented by this case is whether the clause in the settlement agreement quoted above effected a reassignment under A.R.S. § 23–1023 of any claims plaintiff might have against third persons from the City of Tempe as a self-insured employer to plaintiff. If it did, plaintiff had capacity to sue. *Stirewalt v. P.P.G. Industries, Inc.*, 138 Ariz. 257, 674 P.2d 320 (App.1983). If it did not, the dismissal must be upheld. *Lawson v. Arnold*, 137 Ariz. 304, 670 P.2d 409 (App. 1983).

A.R.S. § 23–1023 reads:

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by

the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim.

Read as a whole, the statute does three things: it preserves to an injured worker or his dependents the right to bring action against third persons responsible for his injury or death; it grants a lien against any recovery to the employer or its compensation carrier in the amount of benefits paid under the workers' compensation statute; and it automatically assigns any claims from the worker or his dependents to the employer or its carrier if suit has not been brought within one year. As stated in *Mannel v. Industrial Commission,* 142 Ariz. 153, 155, 688 P.2d 1045, 1047 (App. 1984), cert. denied, 469 U.S. 1212, 105 S.Ct. 1183 (1985):

The general purposes of this statutory lien are to require the third party to pay what he would normally pay if there were no workers' compensation, to reimburse the carrier for its compensation expenditure, and to allow the compensation beneficiary to enjoy the excess of the damage recovery over compensation.

To this must be added the purpose of allowing the compensation carrier to recover where the injured party chooses not to pursue his private right of action so that "the solvency of the Compensation Fund may be maintained consistent with lower premiums to the insured employers." *Stephens v. Textron, Inc.,* 127 Ariz. 227, 230, 619 P.2d 736, 739 (1980). See also *Martinez v. Bucryus-Erie Co.,* 113 Ariz. 119, 547 P.2d 473 (1976).

Those purposes are not well-served by allowing an alleged wrongdoer to avoid liability to either the carrier or the injured person because of formalities in the documentary arrangements between them raised by neither of them. If we were writing on a clean slate, we would deny standing to these defendants to assert the incapacity of plaintiff to sue. In light of *Stephens v. Textron, Inc.,* supra, and *Lawson v. Arnold,* supra, we cannot do that. We can, however, construe the clause in the settlement agreement to effectuate the obvious intent of the parties that a third-party action be brought and that the City of Tempe share in the recovery to the extent that it had paid benefits. The phrase "recovery ... the applicant may become entitled" to obviously contemplates that an action be brought by plaintiff; that interpretation also follows from the conversations held between the lawyers for plaintiff and the City in advance of settlement. In these circumstances, the paragraph in the settlement agreement is most fairly construed as a reassignment by the City of its claims against third parties to the plaintiff.

Reversed.

FERNANDEZ and LACAGNINA, JJ., concur.