740 P.2d 487

**Kathy Sprague GRIM, Plaintiff-Appellant,**

v.

**ANHEUSER–BUSCH, INCORPORATED, a Missouri corporation; Hensley and Company, Sales, Distributors of Anheuser-Busch, Defendants-Appellees.**

**No. 1 CA–CIV 8423.**

Court of Appeals of Arizona, Division 1, Department D.

March 12, 1987.

Reconsideration Denied May 12, 1987.

Review Denied July 14, 1987.

Ron Bailly, P.C. by Matthew D. Koglmeier, Mesa, for plaintiff-appellant.

Snell & Wilmer by H. William Fox, James J. Osborne, Phoenix, for defendant-appellee Anheuser-Busch.

Gallagher & Kennedy by James W. Junker, Phoenix, for defendant-appellee Hensley and Co.

OPINION

GRANT, Presiding Judge.

Kathy Sprague Grim was injured on July 2, 1981, during the course of her employment as a bartender at the Lucky Nugget Bar. Grim applied for and received workers' compensation benefits. On June 24, 1983, Grim filed suit against Anheuser-Busch, Incorporated, and Hensley and Company alleging that her injuries were caused by an exploding beer bottle that was manufactured, bottled, sold, and distributed by the defendants. Grim's suit was filed just within the two-year limitations period provided by A.R.S. § 12–542 for personal injury claims.

A.R.S. § 23–1023 designates the procedure whereby injured employees or their compensation providers can recover against third party tort-feasors. A.R.S. § 23–1023(A) allows employees entitled to workers' compensation benefits who have been injured by the negligence or wrong of someone other than the employer to pursue their remedies against such other persons. Subsection (C), however, gives the insurance carrier or other person liable on the compensation claim a lien on the recovery from the third party tort-feasor. This lien is meant to reimburse parties who compensate the employee for the amount paid on the claim. Moreover, subsection (B) limits the time for employees to pursue their remedy against third parties to one year. Thereafter, their claims are automatically assigned to the insurance carrier or other person liable for the compensation claim. The claim may either then be pursued by the compensation provider or may be reassigned to the employee.

Grim's suit was not filed within one year after her injury; neither did she obtain a reassignment of her claim from the Industrial Commission who paid her workers' compensation claim. When the defendants learned that no reassignment had been made, they filed a motion for summary judgment. The defendants sought judgment on the basis that Grim had no interest in the claim for damages after the one-year period provided in A.R.S. § 23–1023 lapsed. The defendants cited *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980), as dispositive of the case.

In response to the motion for summary judgment, Grim obtained an affidavit dated March 12, 1985, from the Chief Counsel to the Industrial Commission. The affidavit indicated the Commission knew (since November 6, 1981) that Grim planned to file a third party suit, the Commission had no objection, and therefore, the Commission "ratified and authorized such action from its inception." Grim argued this ratification and authorization should be considered a reassignment of the claim by the Industrial Commission to Grim. Alternatively, Grim requested that the Industrial Commission be substituted or joined as the real party in interest and that she be allowed to so amend her complaint. The

Industrial Commission joined in the request for substitution and/or joinder.

The trial court found that Grim owned no interest in the claim she asserted and was barred by the two-year statute of limitations pursuant to A.R.S. § 23–1023(B) and *Stephens v. Textron, Inc.,* 127 Ariz. at 230, 619 P.2d at 739. The trial court granted the defendants' motion for summary judgment and denied Grim's motion to amend her complaint and to substitute and/or join the Industrial Commission as the real party in interest. Grim and the Industrial Commission filed motions to reconsider; the Industrial Commission also filed a motion to intervene. The trial court denied these motions and Grim, alone, appealed the judgment. Grim makes several arguments to demonstrate why *Stephens* is not dispositive of the issues in this case. Therefore, we start our review by considering the facts and rationale of *Stephens.*

In *Stephens,* the plaintiff received workers' compensation benefits and later sued the third party tort-feasor. The suit was filed within the requisite two-year statute of limitations of A.R.S. § 12–542, but not within the first year before the claim was automatically assigned to the compensation carrier pursuant to A.R.S. § 23–1023(B). The plaintiff did not receive a reassignment of the claim until the two-year limitations period for personal injury actions had run. When the plaintiff finally did obtain a reassignment from the State Compensation Fund, who paid her workers' compensation benefits, the assignment included an addendum. The addendum provided that the parties intended the assignment to be retroactive to the date of the filing of the plaintiff's complaint. The addendum also noted that the State Compensation Fund wanted the plaintiff to proceed and successfully conclude the action so the State Compensation Fund could assert its lien rights over her recovery.

In determining whether the plaintiff was barred from bringing suit, the Arizona Supreme Court in *Stephens* first noted that the plaintiff's failure to initiate suit within the one-year period provided by A.R.S. § 23–1023(B) caused her claim to be auto-

matically assigned to the State Compensation Fund by operation of law. Hence, the court found that at the time the plaintiff filed her complaint she lacked any interest in the cause of action because the State Compensation Fund was the owner of the claim.

The court then considered whether the Fund's reassignment of the claim to the plaintiff after the statute of limitations had run cured her lack of interest. The court held that it did not. The court in *Stephens* held that since the Fund was barred by the statute of limitations, so was the plaintiff because an assignee stands in no better position than the assignor. The court also noted that the attempt to make the assignment retroactive to the date that the complaint was filed was ineffective as to third parties because an assignment cannot alter the defenses or equities of third parties. The court then concluded that the plaintiff's complaint was barred by the statute of limitations.

Grim, like the plaintiff in *Stephens,* failed to bring suit against the third party tort-feasor within one year after her injury. She allowed the two-year statute of limitations for filing personal injury actions to lapse before obtaining a reassignment of her claim. Yet, Grim would have us find the *Stephens* rationale should not bar her suit. We now examine each of Grim's contentions.

Grim argues that the *Stephens* case is not valid today because it was decided before A.R.S. § 23–1023(B) was amended to allow reassignment of claims to the employee from the workers' compensation provider. It is true that when *Stephens* was decided, the statute was silent on whether the claim could ever be reassigned to the employee after it passed, by operation of law, to the compensation provider. Despite the silence, this court in *Henshaw v. Mays,* 20 Ariz.App. 300, 512 P.2d 604 (1973), concluded that the compensation provider had the right to reassign the claim to the employee. In *Stephens,* the Arizona Supreme Court had the opportunity to approve the holding regarding reassignments in *Henshaw v. Mays.* Instead, the court

withheld its approval and stated that "[i]t is an open question whether a claim may be reassigned and what interest is conveyed thereby." *Stephens v. Textron, Inc.,* 127 Ariz. at 230, 619 P.2d at 739. Five months later in *Ross v. Superior Court,* 128 Ariz. 301, 625 P.2d 890 (1981), the Arizona Supreme Court held that a claim assigned to an insurance carrier, by operation of law, is neither assignable to a third person nor reassignable to the claimant because an unliquidated claim for damages arising out of tort is not assignable in the absence of authorization by the legislature. The following month, the legislature amended A.R.S. § 23-1023(B) and expressly authorized reassignment of a claim to the employee. *See* Laws 1981, ch. 226, § 1, effective April 27, 1981. The Arizona Supreme Court subsequently upheld the constitutionality of the amended statute. *Chevron Chem. Co. v. Superior Court,* 131 Ariz. 431, 641 P.2d 1275 (1982).

■ We do not believe that any of these changes in the law invalidate the holding in *Stephens.* Grim's argument might have merit if *Stephens* was decided on the basis that reassignment of a claim was not allowed; but, it was not so decided. The Arizona Supreme Court expressly left the question open of whether a claim could be reassigned. In other words, while the *Stephens* court decided that a reassignment made after the statute of limitations had run was ineffective, the court did not determine whether a reassignment could ever be effective. Therefore, *Stephens* is unaffected by subsequent case holdings and statutory amendments regarding reassignment.

We recently concluded that reassignments are not retroactive. *Dunn v. Progress Indus., Inc.,* 153 Ariz. 62, 734 P.2d 604 (App.1986) (Froeb, C.J., specially concurring). *But see Ducksworth v. Towmotor Corp.,* 153 Ariz. 330, 736 P.2d 813 (App.1987).

We also note that Division Two of this court in *Lawson v. Arnold,* 137 Ariz. 304, 670 P.2d 409 (App.1983), which was decided after *Ross, Chevron,* and the 1981 amendment to A.R.S. § 23-1023(B), considered a case with facts identical in all relevant respects to those in *Stephens.* The employee brought suit after one year had passed from the date of his injury and he did not receive a reassignment of his claim until the two-year statute of limitations had run. The court of appeals had no difficulty in finding that the claim was barred pursuant to *Stephens* and A.R.S. § 23-1023(B).

We next consider Grim's contentions that *Stephens* and *Lawson* are distinguishable from her case. Grim argues that her case is distinct because she did not obtain a reassignment after the statute of limitations had run but instead received ratification from the Industrial Commission in filing suit. Grim states the language of the statute does not indicate that reassignment is the only method by which employees can recover their claims and other methods, such as ratification, should suffice. She contends the requirements of A.R.S. § 23-1023(B) were satisfied because the Industrial Commission knew she planned to file a third party suit and both authorized and ratified her action from its inception. We disagree.

■ A.R.S. § 23-1023(B) expressly provides for employees to regain the right to pursue their claims by "reassignment" from the compensation provider. Since "reassignment" is the only procedure provided for in the statute, it is clear under A.R.S. § 23-1023(B) that "reassignment" is the only way that employees can regain their claims. There is no need for language that expressly states that point. While we probably would agree that no magic language is needed to accomplish a "reassignment," it is evident that the statute requires the compensation provider to manifest an intent to give the right to pursue the claim back to the employee.

■ The fact that the compensation carrier learned that the employee planned to file suit during the first year after the injury and fully expected the employee to do so does not by itself accomplish a "reassignment." By the same token, it is clear from both *Stephens* and *Lawson* that any action taken by the compensation provider to give the claim back to the employee cannot be made retroactive and thus cannot

occur after the two-year statute of limitations has run. Even if the Industrial Commission's affidavit indicating that it ratified Grim's actions would otherwise have been sufficient to "reassign" the claim to Grim, the reassignment did not return an actionable claim to her because the Industrial Commission took no action to return the claim until after the statute of limitations had run. *See also Lavello v. Wilson,* 150 Ariz. 235, 722 P.2d 962 (App.1985).

Additionally, the term "ratification" is commonly used to mean the subsequent approval by a principal of previous unauthorized acts of an alleged agent. *See, e.g., Young Mines Co., Ltd. v. Citizens' State Bank,* 37 Ariz. 521, 296 P. 247 (1931). Although A.R.S. § 23–1023(C) gives the compensation provider lien rights against any recovery the employee obtains in the third party suit, there is nothing in the statute that indicates a principal and agent relationship is established. The Industrial Commission's mere use of this term therefore did not effect a "ratification" in the principal-agent sense of the word.

Grim asks us to distinguish her case from *Stephens* and *Lawson* according to the source of the workers' compensation payment. Grim was paid by the Industrial Commission rather than by the State Compensation Fund who provided compensation in *Stephens* or by a private insurance company who provided compensation in *Lawson.* A.R.S. § 23–907 states that if an employer fails to comply with the workers' compensation laws and become insured by the State Compensation Fund or a private insurer, an injured employee entitled to workers' compensation benefits shall be paid from the special fund established by A.R.S. § 23–1065. A.R.S. § 23–907, *amended by* Laws 1985, ch. 39, § 6; Laws 1986, ch. 136, § 1. The special fund established in A.R.S. § 23–1065 is part of the state treasury and is administered by the director of the Industrial Commission. The compensation paid to Grim came from the Industrial Commission's special fund.

Grim argues that the source of payment is important because of A.R.S. § 12–510. A.R.S. § 12–510 provides that "[t]he state

shall not be barred by the limitations of actions prescribed in this chapter." Grim asserts that unlike the State Compensation Fund and private insurers, the Industrial Commission is not barred by the statute of limitations and was therefore able to reassign the claim to her without the bar of the statute of limitations.

■ We hold that A.R.S. § 12–510 is not applicable to the Industrial Commission in this instance. The Industrial Commission is an agency of the state. The State Compensation Fund is administered by a board of directors appointed by the governor of the state. A.R.S. § 23–981.01. In order for A.R.S. § 12–510 to apply to a board or agency of the state rather than to just "the state" itself, the board or agency must act in a governmental rather than a proprietary capacity. *State ex rel. State Community College Bd. v. Sergent, Hauskins & Beckwith, Inc.,* 27 Ariz.App. 469, 556 P.2d 23 (1976). We do not believe the Industrial Commission by paying workers' compensation out of its special fund acted in any more of a governmental capacity than did the State Compensation Fund in providing compensation. The Industrial Commission's payment of compensation to Grim was not a governmental action; therefore, A.R.S. § 12–510 does not apply. *See Peters v. M & O Constr., Inc.,* 119 Ariz. 34, 579 P.2d 72 (App.1978).

Finally, Grim argues that despite the holdings in *Stephens* and *Lawson* there are certain well settled principles of law that required the trial court to allow the Industrial Commission to intervene, be joined, or substituted in the case. Grim first cites *United Pacific/Reliance Ins. Co. v. Kelley,* 127 Ariz. 87, 618 P.2d 257 (App.1980), as authority to support the proposition that joinder of an intervenor is allowed even though the statute of limitations has expired before leave to intervene is sought. In *Kelley,* even though the intervenor joined the suit after the statute of limitations had run, the underlying lawsuit was timely filed by the plaintiffs who owned their cause of action and were properly before the court at the time they filed. In her reply brief, Grim points out that Divi-

sion 2 of this court allowed joinder of an insurer after the statute of limitations had run in a personal injury case filed by the insured when the insured had no interest left in the case. *Tucson Gas, Electric Light & Power Co. v. Board of Supervisors*, 7 Ariz.App. 164, 436 P.2d 942, *as modified by*, 7 Ariz.App. 429, 440 P.2d 113 (1968). Division 1 considered *Tucson Gas* when it decided *Kelley*, but took the position that joinder of a party after the statute of limitations had run was not permissible if the original party bringing suit had no interest to pursue.

Grim also points out that rule 17, Arizona Rules of Civil Procedure, provides for substitution of the real party in interest and rule 15(c) allows amendments changing parties to relate back to the date of the original pleading. Grim asserts that her case provides proper grounds for substituting and joining the Industrial Commission as the real party in interest. It appears that the question of substitution and joinder of the compensation provider was neither raised nor addressed in *Stephens* and *Lawson*. The defendants argue, however, that no one with standing raised the issue of substitution and/or joinder.

Standing requires that the party appealing the judgment or order be aggrieved by that judgment or order. Grim is aggrieved by the portion of the judgment that refused to substitute and/or join the Industrial Commission as the real party in interest because if the Industrial Commission maintained the suit against the third party tortfeasor, the statute of limitations defense would be defeated. Grim is an aggrieved party because Grim did more than ask to substitute the Industrial Commission; Grim requested to join the Industrial Commission as an additional plaintiff. In response to the defendants' motion for summary judgment Grim filed a "Motion to Substitute Real Party in Interest and Amend Complaint," pursuant to rule 17. The Industrial Commission filed a "Joinder in the Motion and Consent." In the body of the motion, Grim also asks for joinder and/or substitution pursuant to rule 17.

■ A party aggrieved by only part of a judgment can appeal only the part adversely affecting him. *Chambers v. United Farm Workers Org. Comm.*, 25 Ariz.App. 104, 541 P.2d 567 (1975). Grim is an aggrieved party. If the Industrial Commission had been joined as a party pursuant to rule 15(c) and rule 17, despite the running of the statute of limitations, the Industrial Commission would then have a valid claim which was not time-barred. Because the Industrial Commission would then still have an assertable claim the *Stephens* reasoning would not apply. Therefore, the Industrial Commission would be in the position of having the right to reassign the claim to Grim which it clearly expressed an intention of doing in the affidavit of its counsel attached to Grim's motion and in its own motion to join in Grim's motion. Thus clearly Grim was aggrieved by the denial of joinder which would have put the Industrial Commission in a position to reassign the claim. If substitution and joinder had been granted, a subsequent motion pursuant to rules 15(a) and (c) or rule 17(a) to designate both Grim and the Industrial Commission as the real parties in interest would have empowered Grim to pursue her full claim for damages. *Cf. Hugh Kelly Enterprises, Inc. v. Ferry-Morse Seed Co.*, 118 Ariz. 392, 577 P.2d 1 (App.1978). The amendment of Grim's complaint would have related back to the date of the original complaint under rule 15(c), thereby defeating the asserted statute of limitations defense. *Dunn v. Progress Indus., Inc.*, 153 Ariz. 62, 734 P.2d 604 (App.1986) (Froeb, C.J., specially concurring). Likewise, Rule 17(a) states:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The spirit of rule 17(a) is that a suit is not to be dismissed because the real party

in interest is not prosecuting. Rather, the real party in interest must be given opportunity to ratify or to be joined in the action. The statute of limitations is merely an affirmative defense; it does not nullify a claim. *Dunn v. Progress Indus., Inc.*, 153 Ariz. at 65, 734 P.2d at 607 (App.1986) (Froeb, C.J., specially concurring). Under the Rules of Civil Procedure, we see no reason to allow a negligent party to escape facing the fact-finder because of the timing of reassignment between the potential claimants. In *Ducksworth v. Towmotor Corp.*, 153 Ariz. 330, 736 P.2d 813 (App. 1987), Division 2 of this court held that the purposes of the Workers' Compensation statutes "are not well-served by allowing an alleged wrongdoer to avoid liability to either the carrier or the injured person because of formalities in the documentary arrangements between them raised by neither of them."

■ The trial court erred in refusing to join the Industrial Commission and to allow amendment of the complaint to relate back to the filing of the original complaint. Rule 15(c) provides:

**Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him....

In *Watts v. State*, 115 Ariz. 545, 566 P.2d 693 (App.1977), a wrongful death action was brought by the wrong party. The statute of limitations had run before a request to substitute the proper plaintiff had been made. After the complaint was amended, the trial court dismissed on the grounds that the statute of limitations barred the action. In reversing the trial court, this court noted that the principles enunciated in rule 15 with respect to changing defendants have been held equally applicable with respect to plaintiffs. *Id.* at 547, 566 P.2d at 695. The court then examined the circumstances under which the rule should apply:

The rule is a liberal one which contemplates that a change in parties should relate back (a) where the claim amended arises out of the same transaction or occurrence described in the original pleading, (b) where because the defendant has had ample notice of the nature of the claim being asserted, there is no prejudice in the ability of the defendant to defend the amended complaint on the merits, and (c) where the initial failure to designate the appropriate party was the product of a mistake.

*Watts*, 115 Ariz. at 547-48, 566 P.2d at 695-96. After analyzing the facts in *Watts*, the court found that the requirements for relation back of the amendment had been met.

The requirements for relation back have been met in this case also. The amended claim joining the Industrial Commission arose out of the same transaction described in the complaint. The defendants correspondingly had ample notice of the claim asserted against them, and they were not prejudiced in maintaining their defense on the merits. Finally, the failure to designate the appropriate party as plaintiff was the product of a mistake: Grim apparently did not contemplate the need for a reassignment, and the Industrial Commission evidently did not realize that Grim had not instituted suit within the first year.

As the Ninth Circuit Court noted in *Santana v. Holiday Inns, Inc.*, 686 F.2d 736 (9th Cir.1982), the justification for allowing relation back of amendments to pleadings is that once litigation is instituted, a party should not be entitled to the limitations defense against a later claim or defense

arising out of the same conduct, transaction or occurrence already in dispute. 6 Wright & Miller, *Federal Practice and Procedure*, § 1496 at 482–83 (1971); 3 Moore, *Federal Practice*, ¶ 15–15 at 15–162–63, 15–170 (1985). In this case, the claims not only arose out of the same occurrence, but are identical. *See Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327 (1985).

■ Under *Stephens* a reassignment obtained after the two-year limitations period has run does not operate retroactively. Such a reassignment is not valid for purposes of A.R.S. § 23–1023(B), and the plaintiff may not maintain the suit. However, *Stephens* prevents the maintenance of an action only in those cases where the plaintiff has both failed to obtain a valid reassignment within the two-year limitations period, *and* where the plaintiff has failed to seek the joinder of the compensation provider as the real party in interest pursuant to rule 17(a). *Stephens* does not alter the operation of rules 15(c) and 17(a), which allow the Industrial Commission to be retroactively joined as a plaintiff in this case, despite the fact no reassignment was obtained within the limitations period. Had joinder been granted and relation back applied the Industrial Commission could then have validly assigned the claim to Grim and Grim could have proceeded to trial.

We hold that the denial of joinder was error. The joinder of the Industrial Commission should have been allowed as it would relate back to the original complaint which was filed within the two-year statute of limitations; therefore, the action would not be time-barred. Summary judgment for the defendants is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

ALLEN G. MINKER,* J., concurs.

BROOKS, Judge, dissenting.

The result reached by the majority represents a classic triumph of form over substance. No matter how ingenious the procedural strategy, Grim simply cannot overcome the effect of our supreme court's holding in *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980).

The majority finds that Grim was aggrieved by the trial court's denial of her motion to substitute the Industrial Commission as the real party in interest and stresses that Grim sought to substitute *or join* the commission. Whether that motion sought joinder or only substitution is of no moment. Absent a timely reassignment from the commission, Grim herself had no claim to pursue. Although the commission, if joined or substituted, might have recovered the amount of worker's compensation benefits that it had paid to Grim, it could not have recovered for any additional losses that Grim herself might have suffered. *See Henshaw v. Mays*, 20 Ariz.App. 300, 305–07, 512 P.2d 604, 609–11 (1973). Grim's argument to the contrary is unsupported by relevant authority.

The Industrial Commission has never reassigned the claim to Grim pursuant to A.R.S. § 23–1023(B). Even if the commission had been joined or substituted as the real party in interest, once the two year statute of limitations for a personal injury action had passed without a reassignment, the commission simply had nothing to assign to Grim except her time-barred claim. As our supreme court held in *Stephens*, such an assignment cannot be given retroactive effect. To suggest that the statute of limitations may not be raised in the future is unrealistic. It has been repeatedly raised and argued by these parties during their three year journey through the courts.

In summary, the only way that Grim could have recovered in this case would be to have secured a reassignment of her cause of action from the Industrial Commission prior to the expiration of the statute of limitations. The procedure suggested by the majority would not accomplish this fact. At best, it would only resurrect

---

* The Honorable Allen G. Minker of the Greenlee County Superior Court, State of Arizona, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. Art. VI, § 3.

the Industrial Commission's claim for recovery of the compensation benefits that it has paid to Grim. It is for these reasons that I would hold that Grim was not aggrieved by the trial court's order denying substitution of the Industrial Commission as the real party in interest.

I would affirm the judgment of the trial court.