772 P.2d 28

**Lori J. MOORE, a single woman, Plaintiff–Appellant,**

v.

**TOSHIBA INTERNATIONAL CORPORATION, a foreign corporation, Defendant–Appellee.**

**No. 1 CA–CIV 9876.**

Court of Appeals of Arizona, Division 1, Department B.

March 30, 1989.

Joyce & Frankel, P.A. by Charles H. Frankel, Sedona, for plaintiff-appellant.

Teilborg, Sanders & Parks by Stephen Paul Forrest, Scott H. Houston, Phoenix, for defendant-appellee.

## OPINION

HAIRE, Judge.

In this appeal, we are required to determine whether the trial court correctly ruled that the plaintiff/appellant's claim was barred by the applicable statute of limitations. The plaintiff's injury arose out of and in the course of her employment and, accordingly, was covered by worker's compensation insurance under Arizona law.

The plaintiff elected to pursue her remedy against the alleged third-party tortfeasor, appellee Toshiba International Corporation (Toshiba). She claimed that Toshiba, as the manufacturer of a defective microwave oven which caused her burn injury, was liable on a products liability theory.

A.R.S. § 23–1023 permits the injured worker to sue a third-party tortfeasor, and provides in part:

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

"B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable

for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year."

■ Plaintiff did not file her action within one year after the injury as contemplated by § 23–1023(B). Rather, the action was filed some five days prior to the expiration of the applicable two-year statute of limitations. *See* A.R.S. § 12–542. At the time the action was filed, the claim had not been reassigned to plaintiff by the worker's compensation insurance carrier as authorized by § 23–1023(B). Therefore, plaintiff lacked any interest in the claim and was not authorized to maintain the action against Toshiba. *See Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980); *Dunn v. Progress Industries, Inc.*, 153 Ariz. 62, 734 P.2d 604 (App.1986); *Hills v. Salt River Project Association*, 144 Ariz. 421, 698 P.2d 216 (App.1985).

Approximately 11 months after the expiration of the two-year statute of limitations, Toshiba filed a motion for summary judgment on the grounds that at the time of the initial filing of the action, plaintiff did not own the claim, and that her lack of standing had not been cured by obtaining a reassignment from the insurance carrier. Toshiba urged that these facts demonstrated that the action was now barred by the statute of limitations.

In her first response to Toshiba's motion, plaintiff argued that a reassignment from the carrier was not necessary. Apparently, after being convinced that this argument was erroneous, plaintiff then obtained a reassignment of the claim from the carrier and filed a supplemental response to Toshiba's motion for summary judgment. In her supplemental response, she requested that she be permitted to file an amended complaint pursuant to Rule 17(a), Arizona Rules of Civil Procedure, bringing in the insurance carrier as the plaintiff real party in interest.[1] Her theory was that once the insurance carrier was joined as a party plaintiff, the carrier's claim would relate back to plaintiff's initial filing under Rule 15(c), Arizona Rules of Civil Procedure. Under plaintiff's theory, the carrier could then reassign the claim to plaintiff, thereby avoiding the statute of limitations bar urged by Toshiba.

Plaintiff's theory was based on a specially concurring opinion in *Dunn v. Progress Industries, Inc.*, *supra*, a theory which was later adopted in the majority opinion of this court in *Grim v. Anheuser–Busch, Inc.*, 154 Ariz. 66, 740 P.2d 487 (App.1987). After giving consideration to the facts in this case, the trial judge rejected plaintiff's "relation back" theory and granted Toshiba's motion for summary judgment. Later, he entered an order specifically denying plaintiff's motion to file an amended complaint and her motion to vacate the summary judgment. We find no error.

If we assume that the legal theory adopted by the majority in *Grim* constitutes a legally sound basis to avoid our supreme court's holding in *Stephens v. Textron, supra*,[2] *Grim* presents no authority for granting relief to the plaintiff in this action.

In *Grim*, at the time the plaintiff moved to join the insurance carrier as a plaintiff real party in interest, the carrier had not previously reassigned the claim to the plaintiff and thus was in fact the real party in interest in its capacity as the statutory owner of the claim. Additionally, the insurance carrier in *Grim* by written motion joined in the plaintiff's request for substitution and/or joinder. Here, at the time plaintiff moved to join or add the insurance carrier as the plaintiff real party in inter-

---

1. Plaintiff's request in her supplemental response for permission to file an amended complaint joining the insurance carrier as plaintiff real party in interest was again asserted in a motion filed approximately six weeks later. Neither the supplemental response nor plaintiff's later motion were joined in by the insur-

ance carrier, nor is there any allegation made that the insurance carrier ratified or was interested in participating in any way in plaintiff's action against Toshiba.

2. The author of this opinion prefers the analysis of the dissent in *Stephens.*

est, the carrier no longer had any interest in the claim inasmuch as the claim previously had been reassigned to the plaintiff. Additionally, unlike *Grim,* the carrier in this case did not move to intervene or join in plaintiff's motion and has not asserted any interest in becoming involved in this litigation.[3]

■ Under these circumstances, the real party in interest provisions of Rule 17(a) and the relation back doctrine of Rule 15(c), Arizona Rules of Civil Procedure, are simply unavailable to aid plaintiff in her struggle to evade the applicable statute of limitations. Accordingly, the requested amendment of her complaint would have been futile and would not have enabled her to establish a defense to Toshiba's motion for summary judgment. Therefore, the trial judge did not abuse his discretion in denying the motion to amend. *See Wilson v. Byrd,* 79 Ariz. 302, 288 P.2d 1079 (1955); *Lewis v. Swenson,* 126 Ariz. 561, 617 P.2d 69 (App.1980).

■ The dissent contends that at the time plaintiff moved to join or add the insurance carrier as a party, the carrier still had an interest in the claim against Toshiba. Relying on *Stephens v. Textron, Inc.,* the dissent urges that the carrier's "attempted reassignment of the claim, made after the statute of limitations has run, does not transfer ownership of the claim" and that "the insurance carrier remained the real party in interest even after the reassignment." *Stephens* does not support the dissent's position that the ownership of a claim barred by the statute of limitations cannot be transferred. Rather, *Stephens* merely holds that such a transfer may not be made retroactive so as to defeat a third party's rights. As stated by the court in *Stephens,* an assignment made after the claim has become barred by the statute of limitations "cannot alter the defenses or equities of [that] third party [here Toshiba]." Accordingly, under *Stephens,* the reassignment by the carrier to plaintiff transferred a claim barred by the

---

3. The specific dates pertinent to an analysis of plaintiff's theory are as follows:

| DATE | EXPLANATION |
| --- | --- |
| March 15, 1984 | Plaintiff's arm burned in microwave oven. |
| March 16, 1985 | After expiration of one year, plaintiff's claim against the allegedly liable third-party (Toshiba) is deemed assigned to the insurance carrier pursuant to A.R.S. § 23–1023(B). |
| March 10, 1986 | Plaintiff filed action against Toshiba five days prior to expiration of two year statute of limitations. |
| March 16, 1986 | Statute of limitations expired. |
| February 26, 1987 | Defendant Toshiba filed its motion for summary judgment on grounds that plaintiff had not obtained a reassignment of the claim from the insurance carrier and that the two year statute of limitations had expired. |
| March 6, 1987 | Plaintiff opposed Toshiba's motion for summary judgment on ground that she |
| | was not required to obtain a reassignment. |
| April 17, 1987 | Plaintiff obtained a reassignment of the claim from the insurance carrier, 13 months after expiration of the two year statute of limitations. |
| April 21, 1987 | Plaintiff filed a supplemental response to the carrier's motion for summary judgment. |
| June 1, 1987 | Plaintiff filed a motion for leave to file first amended complaint seeking to add the insurance carrier as plaintiff real party in interest. |
| June 19, 1987 | Trial judge granted Toshiba's motion for summary judgment. |
| June 30, 1987 | Plaintiff filed motion to vacate summary judgment. |
| August 14, 1987 | Trial judge denied motion to vacate summary judgment and also denied motion to file first amended complaint. |

statute of limitations, no more and no less. Therefore, there is no merit in the dissent's contention that at the time plaintiff moved to join the carrier as a party, the carrier still had an interest in the claim.[4]

The judgment entered by the trial court is affirmed.

GREER, J., concurs.

CORCORAN, Supreme Court Justice, dissenting:

I respectfully dissent from the court's opinion. Rule 17(a), Arizona Rules of Civil Procedure, provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... joinder or substitution of, the real party in interest....

In addition, rule 15(a) provides:

> Leave to amend [a pleading] shall be freely given when justice requires.

Although the right to amend is not automatic, a denial of a motion to amend is justified only by " 'undue' delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments or undue prejudice to the opposing party." *Owen v. Superior Court*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962). "Prejudice" to an opposing party "is not that occasioned by defeat on the merits, but rather the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation." *Romo v. Reyes*, 26 Ariz.App. 374, 376, 548 P.2d 1186, 1188 (1976).

Permitting the plaintiff to amend her complaint to add the insurance carrier as a real party in interest would neither raise new issues nor unduly prejudice Toshiba. I believe the trial court abused its discretion in denying the plaintiff's motion for leave to file an amended complaint.

If the plaintiff had been permitted to amend her complaint to name the insurance carrier as real party in interest, this amendment would have related back to the time the original complaint was filed. Rule 15(c); *see Dunn v. Progress Indus., Inc.*, 153 Ariz. 62, 65, 734 P.2d 604, 607 (App. 1986) (Froeb, J., specially concurring). We have previously stated:

> [A] change in parties should relate back (a) where the claim amended arises out of the same transaction or occurrence described in the original pleading, (b) where because the defendant has had ample notice of the nature of the claim being asserted, there is no prejudice in the ability of the defendant to defend that amended complaint on the merits, and (c) where the initial failure to designate the appropriate party was the product of a mistake.

*Watts v. State*, 115 Ariz. 545, 547–48, 566 P.2d 693, 695 (App.1977). All 3 conditions would be satisfied in this case. Additionally, rule 17(a) provides that joinder or substitution of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest."

The majority concludes that the insurance carrier no longer had an interest in the claim and therefore was not the real party in interest and could not be a party plaintiff because it had reassigned its claim to plaintiff *before* she filed her motion to amend. However, as set forth in *Stephens*, an attempted reassignment of the claim, made after the statute of limitations has run, does not transfer ownership of the claim so as to confer standing on the injured worker; such a reassignment "is meaningless as to third parties" and "cannot alter the defenses or equities of a third party." 127 Ariz. at 230, 619 P.2d at 739. Therefore, as far as Toshiba was concerned, the insurance carrier remained the real party in interest even after the reassignment. Thus, the trial court should

---

**4.** The dissent's position that a barred claim is not transferable is somewhat inconsistent with its basic rationale, since the underlying analysis in *Grim* depends upon the subsequent transfer of the barred claim by the carrier to the injured plaintiff.

have permitted plaintiff to amend her complaint to include the insurance carrier.

As we stated in *Grim,*

*Stephens* prevents the maintenance of an action only in those cases where the plaintiff has both failed to obtain a valid reassignment within the two-year limitations period, *and* where the plaintiff has failed to seek the joinder of the compensation provider as the real party in interest pursuant to rule 17(a). *Stephens* does not alter the operation of rules 15(c) and 17(a)....

154 Ariz. at 74, 740 P.2d at 495. Neither *Stephens* nor *Grim* precludes plaintiff from maintaining her action against Toshiba.

Based on the foregoing analysis, I respectfully dissent.

NOTE: The Honorable ROBERT J. COR-CORAN, Justice of the Arizona Supreme Court, has been authorized by Administrative Order No. 89–3 of the Chief Justice to participate in the resolution of this case which was previously assigned to him as a judge of this Court or to his department before Thursday, January 5, 1989.