436 P.2d 942

The TUCSON GAS, ELECTRIC LIGHT & POWER COMPANY, a corporation, Appellant,

v.

The BOARD OF SUPERVISORS OF PIMA COUNTY, Arizona, a body politic, Appellee.

No. 2 CA–CIV 199.

Court of Appeals of Arizona.

Jan. 31, 1968.

———◆———

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellant.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellee.

KRUCKER, Judge.

Appellant, defendant below, appeals from a jury verdict and judgment against it in the amount of $68,591.90 awarded to the plaintiff County because of defendant's negligent construction and maintenance of a gas line. This gas line was carried under a bridge owned by the plaintiff and it allegedly leaked gas which ignited and caused the bridge to be destroyed by fire.

The record on appeal reveals that the plaintiff was paid $13,718.38 by each of five of its insurance companies to cover the loss of the bridge. A short mathematical exercise shows that it thus received $68,591.90, or exactly the amount of the judgment. The record further shows that on the day of trial, plaintiff and defendant stipulated to the amount of damages, and that the amount would be $68,591.90.

■ On appeal, defendant contends that there was a misjoinder of parties. The contention is that since the claim of plaintiff-appellee had been satisfied in full by payment of its insurance companies, they were the real parties in interest against the tort-feasor under Rule 17(a), Ariz.Rules Civ.Proc., 16 A.R.S. The Arizona Rules were adopted from the Federal Rules of Civil Procedure and Arizona Courts give great weight to interpretations given to similar federal rules. Jenny v. Arizona Express, Inc., 89 Ariz. 343, 362 P.2d 664 (1961). Defendant raised this objection in its answer, Memorandum in Opposition to Plaintiff's Objection to Interrogatories, in its pre-trial memorandum, orally in the judge's chambers before trial, in its motions to dismiss, for new trial or for judgment N.O.V., and finally in its appeal brief. There is no question but that the objection was timely.

Rule 17(a), Ariz.Rules Civ.Proc., 16 A.R.S., provides in part:

"Every action shall be prosecuted in the name of the real party in interest * * *."

■ The United States Supreme Court, interpreting this rule in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949) said:

"* * * and of course an insurer-subrogee, who has substantial equitable rights, qualifies as [a real party in interest]. If the subrogee has *paid an entire loss* suffered by the insured, *it is the only real party in interest and must sue in its own name.* 3 Moore, Federal Practice (2d Ed.) p. 1339." (Emphasis supplied.)

This rule was followed in American Fidelity & Casualty Co. v. All American Bus Lines, 179 F.2d 7 (10th Cir. 1949), where the court said:

"An insured who had been *paid in full* by his insurer is not the real party in interest, and *is not entitled to bring action in his own name* against the third party tort-feasor. Instead the action must be brought by the insurer who by virtue of the subrogation becomes the only real party in interest." (Emphasis supplied.)

**166**

In *Link Aviation, Inc. v. Downs,* 117 U. S.App.D.C. 40, 325 F.2d 613 (1963), citing *Aetna, supra,* the court reiterated:

"It is undisputed that when an insurer has *paid the full amount* of a loss suffered by the insured, the insurer becomes subrogated to the full extent of the insured's claim against the one primarily liable for the loss, and that in any suit to enforce the claim the *insurer is the only real party in interest.*" (Emphasis supplied.)

In 2 Barron & Holtzoff § 482 at 19, the rule is stated:

"Thus an insurer who has *paid the entire loss* to the insured is the real party in interest entitled to sue a third party who is liable for the loss and must bring the action in its own name. *An insured who has no interest in the recovery cannot sue.*" (Emphasis supplied.)

Since plaintiff stipulated to the amount in which it had been damaged and since the amount stipulated to exactly equals the amount which plaintiff's insurers have paid to it, we hold that plaintiff falls explicitly under the rules enunciated above, and was not the proper party to bring this suit.

We recognize that the rule is different where only part of the claim is subrogated (cf. *Bryan v. So. Pacific Co.,* 79 Ariz. 253, at 261, 286 P.2d 761, 50 A.L.R.2d 1 (1955)) and plaintiff's counsel protests that Pima County still had an interest in the litigation. But plaintiff's action in stipulating to the exact amount of the damages, $68,591.90, speaks more loudly to us than the generalized assertion of "at least $70,000 or such other sum as plaintiff has lost," found in the complaint, upon which plaintiff now relies.

The judgment below is reversed with direction to enter judgment for the defendant in this action.

HATHAWAY, C. J., and MOLLOY, J., concur.