492 P.2d 437

**HAMMAN–McFARLAND LUMBER COMPANY, an Arizona corporation, Appellant,**

**v.**

**ARIZONA EQUIPMENT RENTAL COMPANY, an Arizona corporation, Appellee.**

**No. 1 CA–CIV 1727.**

Court of Appeals of Arizona, Division 1.

Jan. 10, 1972.

Rehearing Denied Feb. 9, 1972.

Philip T. Goldstein by Eric J. Bistrow, Phoenix, for appellant.

Andrews, Marenda & Moseley, P. A. by Dale E. Marenda, Phoenix, for appellee.

HOWARD, Judge.

Appellant Hamman-McFarland Lumber Co., defendant below, appeals from a judgment by the Superior Court of Maricopa County whereby appellee Arizona Equipment Rental Co., plaintiff below, was awarded $4,250 for damage to plaintiff's forklift occurring while in possession of defendant.

The undisputed facts are as follows: Hamman-McFarland, on March 24, 1969, entered into a rental agreement with Arizona Equipment Rental whereby Hamman-McFarland rented a 7,000 pound Yale forklift at the rate of $45 per day. The agreement provided *inter alia*, that:

"Lessee does hereby rent and accept the above listed equipment and acknowledges that it is in good working condition and agrees to pay on demand, in cash, the rent for said property at the rate herein stated; Lessee further agrees to take care of said equipment and to use it in a proper manner and agrees that in the event any of the rented equipment is lost or destroyed before it is returned, to promptly pay the full value of said rented property or if it is damaged or injured in any way, including tire damage of any kind, to pay an amount equal to the reasonable cost of repairing the same."

The following day, while in defendant's possession, the forklift was totally destroyed by fire with its sole remaining value being that of scrap. Plaintiff, through its duly authorized agent, Mr. Keith Webb, submitted a proof of loss statement to its insurer, The Home Ins. Co., which was approved on May 12, 1969. On May 13, Arizona Equipment Rental, again through Mr. Webb, upon receipt of payment of $5,000, executed a loan receipt agreement which is set forth below:

## LOAN RECEIPT

$ 5000 00

5-13- 1969

Received from THE HOME INSURANCE COMPANY,

Five Thousand and 00/100 ⸺Dollars,

as a loan and repayable only to the extent of any net recovery we may make from any person or persons, corporation or corporations, on account of loss by FIRE to our property on or about 3-25- 1969, or from any insurance effected by such person or persons, corporation or corporations.

As security for such repayment, we hereby pledge to said THE HOME INSURANCE COMPANY the said recovery and deliver to it all documents necessary to show our interest in said property, and we agree to enter and prosecute suit against such person or persons, corporation or corporations on account of said claim for said loss, with all due diligence, at the expense and under the exclusive direction and control of said THE HOME INSURANCE COMPANY.

Arizona Equip. Rental Co.

X Keith L. Webb

[704Z]

Arizona Equipment Rental subsequently instituted this action against Hamman-McFarland in accordance with the terms of the loan agreement. After trial to the court sitting without a jury, defendant moved to dismiss pursuant to Rule 41(b), Ariz.Rules of Civ.Proc., 16 A.R.S., for the reason that plaintiff had been paid for his loss by insurance, that the "loan receipt agreement" between plaintiff and insurer was invalid, and that recovery from defendant would result in a double recovery for plaintiff which is not allowable. *See* Warren Co. v. Hanson, 17 Ariz. 252, 150 P. 238

(1915). Defendant's motion to dismiss was denied and plaintiff was awarded a judgment in the amount of $4,250.[1]

Appellant Hamman-McFarland presents only one question on appeal:

"Whether a loan receipt agreement between an insurer and its insured following a loss constitutes payment of the insurer's liability so as to preclude the insured from instituting an action against a third party allegedly responsible for the loss."

Loan receipt agreements have been used by insurance companies for many years in order to avoid the possible prejudice which juries frequently apply against insurance companies suing in their own name under subrogation agreements. *See* Luckenback v. W. J. McCahan Sugar Ref. Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170 (1918); Aetna Freight Lines, Inc. v. R. C. Tway Co., 298 S.W.2d 293 (Ky.1956); Sullivan v. Naiman, 130 N.J.L. 278, 32 A.2d 589 (1943); Houston Transit Co. v. Goldston, 217 S.W.2d 435 (Tex.Civ.App.1949). Where, as in the instant case, the insured has been satisfied in full by the insurer and therefore has no interest in the recovery, the courts have split in their determination as to the validity of such "loan agreements" with some recognizing the fiction of the purported loan as a valid attempt to avoid possible jury prejudice against the insurance company and others disallowing the fiction and forcing the insurer, as the real party in interest, to sue in its own behalf.

■ Thus the question before this court is not whether the "loan receipt agreement" constitutes a valid loan, but rather, whether the insurer, as the real party in interest, can circumvent Rule 17(a), Ariz.Rules of Civ.Proc., 16 A.R.S., by such an agreement.

Rule 17(a) provides in part:

"Every action shall be prosecuted in the name of the real party in interest. . . ."

In Tucson Gas, Elec. Light & Power Co. v. Board of Supervisors, 7 Ariz.App. 164, 436 P.2d 942 (1968), this court held that an insurer which has paid the full amount of a loss suffered by the insured becomes subrogated to the full extent of the insured's claim against the one primarily liable for the loss, and that in any suit to enforce the claim the insurer is the only real party in interest. We feel that where, as here, the insured has no interest in the recovery the insurance company cannot circumvent Rule 17(a) by means of a fictitious loan agreement with the insured. City Stores Co. v. Lerner Shops of District of Columbia, Inc., 133 U.S.App.D.C. 311, 410 F.2d 1010 (1969); Link Aviation, Inc. v. Downs, 117 U.S.App. D.C. 40, 325 F.2d 613 (1963); Kansas Elec. Power Co. of Leavenworth, Kansas v. Janis, 194 F.2d 942 (10th Cir. 1952).

■ The question remains, however, as to whether appellant's Motion to Dismiss was sufficient to serve as a motion to either joint or substitute the insurer as plaintiff real party in interest. We feel that it was not.

Appellant's motion requested dismissal for the sole reason that plaintiff had recovered from his insurer and therefore recovery against defendant would result in a double recovery. However, the loan receipt agreement left it clear that the action was, in reality, instituted by and for the benefit of the insurer as plaintiff's subrogee. As was stated by the court in Link Aviation, Inc. v. Downs, supra:

"We think, however, that the suit must be construed as having been brought by the insureds for the use of the insurers who had then become subrogated to the rights of the nominal plaintiffs. American Fid. & Cas. Co. v. All American Bus Lines, 190 F.2d 234 (10th Cir.), cert. denied, 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951); Kansas Elec. Power Co. of Leavenworth, Kansas v. Janis, 194 F.2d 942 (10th Cir. 1952). Plaintiffs in other words were not suing for double re-

1. This figure was arrived at by subtracting the scrap value of the forklift ($750) from the amount recovered by appellee ($5,000).

covery but to recover for the insurers what the latter had paid. . . . We are of like opinion, that is to say that though brought in the name of the insureds, this suit was not a nullity, since, as we hold, it was brought for the use of the real parties in interest." 325 F.2d at 614–615.

Defendant's motion only requested dismissal of the suit and was neither intended nor could be interpreted to be a motion to join or substitute the insurer as the real party in interest. Furthermore, this case was tried to the court sitting without a jury and the evidence presented left no doubt in whose behalf the suit was brought. The defendant's only remedy was to have the insurer sue in its own behalf and not to escape liability altogether merely because the claim was subrogated.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.