618 P.2d 257

## UNITED PACIFIC/RELIANCE INSURANCE CO., a Washington Corporation, Intervenor–Appellant,

v.

## Clifford B. KELLEY, Personal Representative of the Estate of Brian Mayo Kelley, Defendant–Appellee.

### No. 1 CA–CIV 4337.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 30, 1980.

Moore, Demaree & Long by Joseph L. Moore, Phoenix, for intervenor–appellant.

Gust, Rosenfeld, Divelbess & Henderson by Harold H. Swenson, John M. McVey, Dean G. Kallenbach, Phoenix, for defendant–appellee.

## OPINION

WREN, Judge.

The appellant, United Pacific/Reliance Insurance Company has appealed the denial of its Motion to Intervene as barred by the limitation of action set forth in A.R.S. § 12–542. We have determined that intervention should have been granted and therefore reverse.

The application to intervene was sought as a matter of right under 16 A.R.S., Rules of Civil Procedure, rule 24(a)[1], in a lawsuit filed by plaintiffs, Arlo W. Jepson and Bev-

erly Sue Jepson, his wife; Arlo Lawrence Jepson, a minor, by his father Arlo W. Jepson, on January 30, 1976, seeking damages from the estate of defendant–appellee's son for personal injuries and property damage arising out of the son's alleged negligent operation of a motor vehicle on September 28, 1974. The claimed property damages involved plaintiff Arlo Jepson's vehicle, a Ford pickup truck, which was insured under a contract with appellant and as to which on November 4, 1974 appellant paid Jepson the sum of $2,076.02.

Both the Motion to Intervene, filed September 13, 1977, and the Amended Motion to Intervene, filed December 20, 1977, were denied as untimely under the statute of limitations. Thereafter and prior to start of the trial scheduled for January 3, 1978, plaintiffs and defendant entered into a stipulation for dismissal of the lawsuit with prejudice. On January 16, 1978, the suit was dismissed. This appeal followed.

Initially we must answer the question whether the claim for damages to the truck must be considered as having been brought in part by the insured plaintiff, Jepson, for the benefit of United Pacific, under the theory of subrogation as to the sum of $2,076.02 theretofore paid Jepson, since the damage claim in the complaint ($5,000.00) exceeded the amount of Jepson's uninsured, deductible loss.

Appellant contends it was the real party in interest for $2,076.02 on plaintiff's complaint. Appellant further contends, in the Amended Motion to Intervene, that the contract contained a deductible sum provision that had not been recovered from defendant by Jepson at the time the complaint was filed; and that, only as to this deductible sum were plaintiffs the real parties in interest.

Property damages were sought in the complaint by the following allegations:

1. Rule 24. Intervention

24(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

That as a further direct and proximate result of negligence as aforesaid, plaintiff, ARLO W. JEPSON'S automobile was wrecked, damaged and depreciated to such an extent that it caused the same to be worth immediately following $5,000.00 less than immediately prior thereto.

The prayer for relief also requested the sum of $5,000 for damages to the automobile.

Jepson's contract of insurance with appellant provided in part:

In the event of any payment under this policy, the company [Intervenor] shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

Attached as Exhibit A to appellee's response to appellant's Motion to Intervene was a copy of a letter to appellee's counsel from plaintiffs' counsel. The letter read in part:

In today's conversation I explained we have received a Motion to Intervene by United Pacific Reliance Company filed by Bruce Demaree, Attorney for Intervenor. At the present time we have no active interest in United Pacific Reliance Insurance Company's Motion to Intervene. At the time of the filing of the action there was no intention by plaintiffs to include any claim made by United Pacific so we have no intent at this time to expand our claim to include their claim.

Appellee, in asserting that the attempted intervention was untimely, relies upon *Hamman–McFarland Lumber Company v. Arizona Equipment Rental Company*, 16 Ariz.App. 188, 492 P.2d 437 (1972), where it was held that an insurer which had paid the claim of its insured became subrogated and was the "real party in interest" in a suit to enforce the claim, and was therefore the only one who could have brought action for the monies paid over to plaintiff as damages to the automobile. Therefore, he urges the statute of limitations here barred the claim at the time of the filing of the Motion to Intervene.

Appellee concedes that the Motion, if filed prior to September 28, 1976, would have been proper since it would have been within the two year period of limitations. He thus acknowledges that there were two separate causes of action which might have been brought; one resting in plaintiffs as the insureds on the deductible portion of the policy, and the other in appellant as the insurer on the subrogated portion of damages which had been paid. Appellee then, however, points to 16 A.R.S., Rules of Civil Procedure, rule 17(a), in urging that United Pacific must bring its action for its claim in its own name as the real party in interest; again citing *Hamman–McFarland* for the proposition that appellant had a distinct and separate claim for a different amount of damages and a different portion of damages than those claimed by plaintiffs, and asserting that appellant was attempting to circumvent the application of the statute of limitations by claiming that plaintiffs had brought their action for benefit of the insurer as well as their own.

In *Tucson Gas, Electric Light and Power Company v. Board of Supervisors*, 7 Ariz. App. 164, 436 P.2d 942 (1968), *modified on rehearing on other grounds*, 7 Ariz.App. 429, 440 P.2d 113 (1968), this court quoted with approval *United States v. Aetna Casualty & Surety Company*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), that every action shall be prosecuted in the name of the real party in interest:

If the subrogee has *paid an entire loss* suffered by the insured, *it is the only real party in interest and must sue in its own name.* 3 Moore, Federal Practice (2d Ed.) p. 1339. 7 Ariz.App. at 165, 436 P.2d at 943 (emphasis in original)

This rule was followed in *American Fidelity & Casualty Co. v. All American Bus Lines*, 179 F.2d 7 (10th Cir. 1949):

[A]n insured who had been paid in full by his insurer is not the real party in interest, and is not entitled to bring action in his own name against the third

party tortfeasor. Instead the action must be brought by the insurer who by virtue of subrogation becomes the only real party in interest. (footnotes omitted) 179 F.2d at 10.

Clearly if United Pacific had paid Jepson for his entire loss, then the rule of *American Fidelity* and *Tucson Gas* would apply. However, as is also stated in *Tucson Gas*:

> We recognize that the rule is different where only part of the claim is subrogated ... 7 Ariz.App. at 166, 436 P.2d at 944 (citation omitted)

Appellee's basic contention, however, is that the letter from plaintiffs' counsel in response to the Motion to Intervene precludes any such subrogation consideration since plaintiffs established that they had no intent to include the subrogated claim when they filed their complaint. We disagree. The complaint itself belies such a contention. The prayer obviously did not limit property damages to the unreimbursed, deductible sum; nor did it exclude the monies received from appellant for vehicle damages *prior to the filing* of the action. In fact, the stated *object* of the property damage allegation quoted above was to recover the *entire* amount of damages sustained by the vehicle. Contrary to the argument advanced by appellee, we find no support for his position in *Hamman–McFarland*. That case merely held that where the insured had no interest in the recovery, since his loss had been paid in full, the insurance company could not circumvent Rule 17(a) by entering into a "fictitious loan agreement" with him. Moreover, *Hamman–McFarland* is *not* authority for the proposition that plaintiffs here could not assert a claim on behalf of the intervenor. On the contrary, it is authority for the position that they could. Quoting from *Link Aviation, Inc. v. Downs*, 117 U.S.App.D.C. 40, 325 F.2d 613 (1963), the court in *Hamman–McFarland* stated:

> We think, however, that the suit must be construed as having been brought by the insureds for the use of the insurers who had then become subrogated to the rights of the nominal plaintiffs. *Ameri-*

*can Fid. & Cas. Co. v. All American Bus Lines*, 190 F.2d 234 (10th Cir.), cert. denied, 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951); *Kansas Elec. Power Co. of Leavenworth, Kansas v. Janis*, 194 F.2d 942 (10th Cir. 1952). Plaintiffs in other words were not suing for double recovery but to recover for the insurers what the latter had paid.... We are of like opinion, that is to say that though brought in the name of the insureds, this suit was not a nullity, since, as we hold, it was brought for the use of the real parties in interest. 325 F.2d at 614–615.

Holding that the evidence presented left no doubt in whose behalf the suit was brought, the court went on to hold that "The defendant's only remedy was to have the insurer sue in its own behalf and not to escape liability altogether merely because the claim was subrogated." 16 Ariz.App. at 191, 492 P.2d at 440.

If the insured brings action seeking to recover both his own and the insurer's damages, reputable authority and reason indicate that the insured can proceed without the insurer. As noted in *Bryan v. Southern Pacific Company*, 79 Ariz. 253, 286 P.2d 761 (1955), it is not procedurally necessary or even desirable to require the joinder of the insurer in every case where the action is brought by the insured:

> * * * The general rule is that where the loss exceeds the amount of insurance paid, the insured may sue in his own name and recover the full amount of the loss, the question of the distribution of the proceeds being a matter between the insured and the insurer only. (citations omitted).
>
> * * * * * *
>
> If the insured claims all the loss there is no splitting of the cause of action and the tort–feasor is not compelled to defend against two or more causes of action. 79 Ariz. at 262, 286 P.2d at 766–767.

The *Bryan* court concluded that since the insurer is bound by the judgment, he has an absolute right to intervene under Rule 24(a) if he finds it necessary to do so in order to protect his interests.

We next turn to the question of whether the Motion for Intervention was timely made. Appellee asserts only that the attempted intervention here was untimely since not filed within the statute of limitations. There is no contention as to laches, i. e., that it was untimely after notice of the lawsuit, or that appellant failed to timely assert its claim for subrogation after payment to the insured.

A well reasoned opinion on this point and one addressing also the application of the statute of limitations as to joinder is found in *Holibaugh v. Cox*, 167 Ohio St. 340, 148 N.E.2d 677 (1958), where it was held:

> The object of the suit [is] to recover the value of the property from the party ultimately liable, and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. 167 Ohio St. at 347, 148 N.E.2d at 682. (emphasis in original)

\* \* \* \* \* \*

> Upon such partial assignment, the assignor and the partial assignee become parties united in interest and, even though the assignor may commence or continue prosecution of an action for the full amount of damages in his own name, or the partial assignee may commence or continue prosecution of an action for that part of the claim to which he has been subrogated, *if the issue of joinder is not raised*, the insured or the insurer *must* be joined as parties to the action either if such joinder is requested by motion or upon the raising of the issue by the defendant tort-feasor, *and such joinder may be had after the expiration of the period of the statute of limitations.* 167 Ohio St. at 346, 148 N.E.2d at 682. (emphasis in original; emphasis added)

\* \* \* \* \* \*

It is seen that, upon the timely commencing of an action by an injured insured against the tort-feasor, the tort-feasor is put on notice that he must defend the action and, pursuant to that end, must search out the evidence needed for such defense. That evidence, if existent, is identical with that which such tort-feasor must search out in order to defeat an action by the insured's subrogee, and to find that under such circumstances the subrogee is foreclosed from asserting his rights in "the subject of a single cause of action" ... merely because he is not made a party prior to the running of a statute of limitations, the period of which ... is primarily directed to the transitory nature of evidence concerning negligence, is to attribute to such statute a much narrower meaning than it was meant to have and to give a tort-feasor an advantage not intended thereby. 167 Ohio St. at 347, 148 N.E.2d at 682-683.

We find this case highly persuasive and adopt its rationale and conclusion.

We therefore hold that appellant was the real party in interest as to the sum paid plaintiff Jepson for damages to his automobile and that the plaintiffs (insureds), pursuant to the subrogation agreement, brought their action for the benefit of the appellant (insurer) as well as for their own uninsured deductible claim and that the Motion to Intervene as to the subrogated claim was therefore improperly denied as untimely, since it had already been filed by plaintiffs prior to the expiration of the statute of limitations.

The order of the court denying the Motion to Intervene is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

FROEB, P. J., and DONOFRIO, J., concur.