721 P.2d 144

**TRI–CITY PROPERTY MANAGEMENT SERVICES, INC.; and United States Fidelity & Guaranty Company, a Maryland corporation, Plaintiffs/Appellants,**

v.

**RESEARCH PRODUCTS CORPORATION, a Wisconsin corporation; Amrep, Inc., a Georgia corporation; Arlin Chesin and Jane Doe Chesin, husband and wife, dba Eagle Chemicals, Defendants/Appellees.**

**No. 2 CA–CIV 5565.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 28, 1986.

Review Denied May 28, 1986.

Jennings, Kepner & Haug by Craig R. Kepner and Mark R. Santana, Phoenix, for plaintiffs/appellants.

Jennings, Strouss & Salmon by Jefferson L. Lankford, Phoenix, for defendants/appellees Amrep, Inc. and Research Products Corp.

Gallagher & Kennedy, P.A. by Michael J. Ahearn, Phoenix, for defendant/appellee Arlin Chesin dba Eagle Chemicals.

## OPINION

LIVERMORE, Presiding Judge.

This product liability action, involving issues of joinder, strict liability, express and implied warranty and indemnification, was brought by Tri-City Property Management Services, Inc. (Tri-City) for damages allegedly caused by an inadequately labeled herbicide manufactured by defendant Amrep, Inc. (Amrep) and sold by defendant Arlin

Chesin (Chesin). Plaintiffs appeal from a final partial summary judgment in favor of defendants on certain claims.

Tom Doyle, president of Tri-City, purchased the herbicide "Repco-Kill" from Eagle Chemicals, a sole proprietorship of Chesin's. Employees of Tri-City applied the herbicide to lawns and gardens of condominium developments. As well as killing the weeds it was meant to control, the herbicide also destroyed numerous plants and shrubs. Tri-City replaced the plants, was reimbursed by its insurer United States Fidelity and Guaranty Company (USF & G), and then sued Amrep and Chesin, claiming that the inadequacy of Repco-Kill's label and certain representations purportedly made by Chesin proximately caused the damages.

The first question to be resolved is whether it was error for the court to compel joinder of USF & G on motion by defendants. In its complaint, Tri-City was the only named plaintiff. USF & G was joined as party plaintiff pursuant to Rules 17 and 19, Rules of Civil Procedure, 16 A.R.S., on grounds that it was the real party in interest and joinder was necessary to accord complete relief of all parties.

Rule 17 requires that suits be brought by the real party in interest. It is well settled in Arizona that a partially reimbursing insurer is one real party in interest and the partially reimbursed insured another. *United Pacific/Reliance Insurance Co. v. Kelley*, 127 Ariz. 87, 618 P.2d 257 (App. 1980); cf. *Hamman-McFarland Lumber Company v. Arizona Equipment Rental Company*, 16 Ariz.App. 188, 492 P.2d 437 (1972). USF & G has reimbursed but a portion of Tri-City's losses; both are "real parties" in this action.

■ Our Supreme Court has said that a defendant cannot use Rule 17 to compel joinder of a partially subrogated insurer if the insured is also a real party and is seeking full recovery for himself and his insurer. *Bryan v. Southern Pacific Co.*, 79 Ariz. 253, 286 P.2d 761 (1955). Accordingly, the compulsory joinder of USF & G cannot be upheld solely because it was one "real party in interest."

■ The joinder motion also relied upon Rule 19, which provides for joinder of persons needed for just adjudication. Because Tri-City seeks complete recovery and is bound by a release and subrogation agreement to share that recovery with USF & G, joinder is not necessary to permit an adequate judgment. Even without a protective order, rules against double recovery would preclude USF & G from bringing a subsequent suit. *Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78 (4th Cir.1973), cert denied, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974). Accordingly, joinder was improper.

■ The second issue is whether the trial court erred in precluding, by way of partial summary judgment, any recovery for plant replacement. Defendants argue that Tri-City could only be liable to replace the plants if it was actively negligent and that such active negligence would bar indemnification. Alternatively, if Tri-City was not liable, it acted as a volunteer and indemnification is inappropriate. We reject these arguments for several reasons. First, the facts are disputed as to the negligence of Tri-City; summary judgment is, therefore, inappropriate. Second, there are theories of liability, both in tort and contract, that would impose liability on Tri-City without its active negligence. See *Hurley v. Larry's Water Ski School*, 762 F.2d 925 (11th Cir.1985); *Newmark v. Gimbel's Inc.*, 54 N.J. 585, 258 A.2d 697 (1969). Third, Restatement of Restitution § 93 permits indemnification for product defects that injure third persons. Finally, it is alleged that the defendants were negligent in allowing the product to come into non-professional hands because of the likelihood, given the product's toxicity, of injurious misapplication and because of inadequate warnings about its dangers. If what made the defendants' conduct negligent was the foreseeable risk of misuse by others, that misuse, even if characterized as negligence, would be passive or secondary negligence and would not bar indemnifica-

tion. See *Crouse v. Wilbur-Ellis Co.*, 77 Ariz. 359, 272 P.2d 352 (1954); W. Prosser & W. Keeton, The Law of Torts § 51 (5th ed. 1984).

■ Plaintiffs' third contention is that the court erred in granting summary judgment on strict liability claims against each defendant. We have reviewed the record and find that there are factual issues as to the adequacy of Amrep's label and of the instructions on use provided by Chesin. Summary judgment was, therefore, granted in error. *Brown v. Sears, Roebuck & Co.*, 136 Ariz. 556, 667 P.2d 750 (App.1983).

■ Plaintiffs next argue that the court erred in granting summary judgment on their claim that Chesin breached an implied warranty of fitness for a particular purpose. Such a warranty exists where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and the buyer relies on the seller's skill or judgment to select or furnish suitable goods. A.R.S. § 47–2315. The scope of the warranty is that the goods shall be fit for such purpose. We have read the depositions of Chesin and Tri-City's president Tom Doyle. It is undisputed that Chesin was never informed exactly how Doyle intended to use the herbicide. That Chesin said Repco-Kill would meet Tri-City's weed control needs cannot be construed as a warranty that it could be used anywhere in a condominium complex without risk.

■ Plaintiffs also assert that summary judgment was inappropriate on its express warranty claims. An express warranty may arise if the seller makes an affirmation of fact or promise which becomes the basis of the bargain. A.R.S. § 47–2313. "Express warranties rest on 'dickered' aspects of the individual bargain, and go ... clearly to the essence of that bargain...." U.C.C. § 2–313, Comment 1 (1958). Chesin's statement, in response to Doyle's generalized description of how Repco-Kill would be used, that Repco-Kill would "take care of" Doyle's "needs" does not rise to this level of commitment and cannot rea-sonably be construed as an express warranty that the product would not kill plants.

The order joining USF & G and the summary judgments on the strict liability and indemnification claims are reversed. The judgments in favor of Chesin on the implied and express warranty claims are affirmed. Each party is to bear its own attorneys' fees.

BIRDSALL and LACAGNINA, JJ., concur