AGRI–MARK, INC., Plaintiff,

v.

NIRO, INC. and Turbotechnology Services Corp., Defendants.

No. Civ.A. 99–30120–KPN.

United States District Court, D. Massachusetts.

Jan. 18, 2000.

Sean P. Carter, Cozen & O'Connor, Philadelphia, PA, A. Richard Bailey, Martin P. Duffey, Cozen and O'Connor, Philadelphia, PA, Stuart G. Blackburn, Blackburn & Sistare, Springfield, MA, for Agri–Mark, Inc.

Michael S. Appel, Sugarman, Rogers, Barshak & Cohen, Boston, MA, for Niro, Inc.

Philip J. Callan, Jr., Michael K. Callan, Doherty, Wallace, Pillsbury & Murphy, Springfield, MA, for Turbotechnology Services Corp.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT NIRO, INC.'S MOTION TO COMPEL JOINDER OF REAL PARTY IN INTEREST PLAINTIFF OR TO DISMISS (Docket No. 22)*

NEIMAN, United States Magistrate Judge.

Defendant Niro, Inc. ("Niro") requests, in a motion joined by its co-defendant, Turbotechnology Services Corp. ("Turbotechnology"), that Plaintiff Agri–Mark, Inc. ("Agri–Mark") be compelled to join Travelers Indemnity Company ("Travelers") as a plaintiff in this matter pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure. Travelers is a subrogated insurer which paid Agri–Mark substantial amounts on an insurance claim. Should Travelers not be joined as a party within thirty days, Niro asserts in the alternative, the case should be dismissed.

The issue before the court boils down to whether Travelers' proposed "ratification" of the action would make its "joinder" as a "real party in interest" unnecessary. FED.R.CIV.P. 17(a). For the reasons which follow, the court finds joinder appropriate and will allow Niro's motion to compel.

## I. BACKGROUND

The relevant facts are largely undisputed. Agri–Mark alleges that Niro and Turbotechnology (collectively "Defendants") negligently caused separate failures of its industrial milk evaporator. Agri–Mark claims that Defendants' breaches of contracts and warranties caused damages exceeding $1.37 million.

At all times material hereto, Agri–Mark was insured pursuant to a boiler and machinery insurance policy issued by Fireman's Fund Insurance Company ("Fireman's Fund"). Fireman's Fund, in turn, was reinsured by Travelers through a comprehensive reinsurance agreement. Pursuant to that agreement, Travelers paid Agri–Mark over $1.14 million. Agri–Mark, therefore, claims to have suffered an uninsured loss of approximately $230,000.

## II. DISCUSSION

Subsection (a) of Rule 17 states, in pertinent part, as follows:

Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Rule 19, in turn, requires joinder of parties needed for the just adjudication of claims. In certain circumstances, ratification under Rule 17(a) may be a proper alternative to Rule 19 joinder. See Hancotte v. Sears, Roebuck & Co., 93 F.R.D. 845, 846 (E.D.Pa.1982).

The requirement in Rule 17(a) that an action be prosecuted in the name of a "real party in interest" is based on the principle that the pleadings in a case "should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The rule protects "a defendant from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata." Prevor–Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Management, Inc., 620 F.2d 1, 4 (1st Cir.1980).

There appears to be little question among the parties that Agri–Mark, to the extent it has an uninsured loss, is a real party in interest under state law. Moreover, Agri–Mark, and apparently, Travelers, does not dispute Niro's assertion that Travelers, too, is a real party in interest as a result of its payments under the Fireman's Fund reinsurance agreement. (See Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Compel Joinder of Travelers Indem. Co. as a Real Party in Interest or to Dismiss ("Pl.'s Mem.") (Docket No. 26) at 3–4.) [1]

There is also no question that Travelers, relying on the last sentence of Rule 17(a), has offered to ratify Agri–Mark's action against both Niro and Turbotechnology.[2] To accomplish ratification, Travelers has offered to sign an "affidavit" indicating Travelers' agreement (1) to "ratify the above action," (2) "to be forever bound by the results of the above action," (3) to "forever waive[ ] any right to pursue its subrogation rights outside

1. The only insurance policy provided the court is the reinsurance agreement, which, in applicable part, provides that, in the event of a claim settlement by Travelers, Fireman's Fund, at Travelers' request, must "secure its subrogation rights under the terms of the coverage subject to this Agreement and will then assign such subrogation rights to [Travelers as] the Reinsurer." (Mem. in Supp. of Mot. of Def. Niro, Inc., to Compel Joinder of Real Party in Interest Pl. or to Dismiss ("Def.'s Mem.") (Docket No. 23), at Ex. A, Art. 8, ¶ C.) The court assumes that Travelers' subrogation rights have been properly secured.

2. Because Travelers' ratification offer is set forth in Agri–Mark's brief, the court assumes that Travelers has authorized Agri–Mark's attorneys to bind Travelers in the manner represented. Indeed, the court assumes that, the instant action, as represented, was simply "brought in the name of Agri–Mark," (Pl.'s Mem. at 2), notwithstanding the fact that Travelers is interested in the majority of the claimed damages. Such a procedure appears typical in the Massachusetts state courts. See Mass.R.Civ.P. 17(a).

the above proceeding," and (4) "to participate in discovery relative to this action in the same manner as if it were a named party plaintiff to the action." (Pl.'s Mem., Ex. A.).

Agri–Mark argues that Travelers' willingness to execute the affidavit would "eliminate any legitimate concern regarding the finality of any judgment entered in this action and the prospect of duplicative litigation." (Pl.'s Mem. at 2.) Moreover, Agri–Mark contends, Travelers' agreement to subject itself and participate in discovery as if it were a named plaintiff avoids any procedural issue with respect to such discovery. Finally, Agri–Mark argues that Travelers' ratification, but non-joinder, would guard against the prejudice both Travelers and Agri–Mark would suffer should evidence of insurance be introduced at trial.

■ It appears relatively well settled that an insurer who has paid part of a loss suffered by its insured and has been at least partially subrogated to the insured's right has substantive rights against a tort feaser qualifying it as a real party in interest. *Aetna*, 338 U.S. at 381, 70 S.Ct. 207. In such instances, "both insured and insurers ... should appear in the litigation in their own names." *Id. See also State Farm Mut. Liab. Ins. Co. v. United States*, 172 F.2d at 737, 739 (1st Cir.1949). There is, however, little case law within this circuit discussing whether Rule 17(a) "ratification" is an appropriate substitute to joinder of a real party in interest. There are, certainly, opinions from other districts which indicate that ratification often obviates the need to add a subrogated insurer as a party. *See, e.g., HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1196 (3d Cir.1996); *Levy Jewelers, Inc. v. ADT Sec. Sys., Inc.*, 187 F.R.D. 701, 702 (S.D.Ga.1999); *Prosperity Realty, Inc. v. Haco–Canon*, 724 F.Supp. 254, 258 (S.D.N.Y. 1989). Still, the determination of whether ratification is appropriate lies within the discretion of the court. *See Allwaste Envtl. Services/North Atlantic, Inc. v. Pastore*, 911 F.Supp. 29, 31 (D.Me.1996).

■ Niro sets forth three reasons why Travelers' proffered ratification is insufficient. First, Niro argues that the final sentence of Rule 17(a) does not apply. Quoting learned commentary to the federal rules, Niro asserts that the ratification alternative in Rule 17(a) is designed merely " 'to avoid forfeiture and injustice when an understandable mistake has been made in selecting the parties in whose name the action should be brought.' " (Def.'s Mem. at 4 (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1555, at 412 (1990)).) *See also* FED.R.CIV.P. 17 advisory committee's note (1996) ("Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed."). Here, Niro argues, no such mistakes are present. Accordingly, ratification is not necessary to avoid the harshness of dismissal late in a case. Ratification, Niro maintains, "should not be a vehicle by which a real party in interest may strategically circumvent joinder." (Def.'s Mem. at 4.)

The court agrees. Indeed, Niro's first argument is not without support. At least one commentator has persuasively opined that decisions "allowing parties to use the ratification device deliberately to avoid naming an insurance company as a plaintiff are inconsistent with the expressed legislative intent that the 1966 amendment [adding the last sentence to Rule 17(a)] be available only in cases of mistake." June F. Entman, *More Reasons for Abolishing Federal Rule of Civil Procedure 17(a): The Problem of the Proper Plaintiff and Insurance Subrogation*, 68 N.Car.L.Rev. 893, 907–08 (1990) (footnote omitted). "What apparently passed unnoticed" when the amendment to the rule was made, Ms. Entman explains,

> was that the provision for ratification, as an alternative to joinder or substitution, introduced into the rule a practice that was fundamentally at odds with the rule's basic proposition that every action shall be prosecuted in the name of the real party in interest. The practice of ratification reintroduces "use" or practice—suit in the name of a nominal party for the use or benefit of the person who actually controls the litigation, and who even may be the only one to benefit from it. This was the

very practice, however, that the real party in interest rule was intended to abolish. *Id.* at 906–07 (footnotes omitted).

Second, Niro argues that Agri–Mark's failure to join Travelers would result in prejudice to Defendants. Niro notes that Travelers, through its loss adjuster, has already thoroughly investigated the claimed loss. Although Agri–Mark, in its automatic disclosures, produced interim reports concerning the adjuster's investigation, those reports contain numerous redacted portions concerning Travelers' investigation of its possible subrogation claim against Defendants. "Travelers must be joined," Niro argues, "to enable Niro to conduct direct discovery of [the adjuster's] investigation and claims file regarding Agri–Mark's claimed loss." (Def.'s Mem. at 5.)

Niro's second argument is answered, at least in part, by Travelers' offer, in the context of its proposed ratification affidavit, to participate in discovery as if it were a named plaintiff. However, redactions in documents already provided, Agri–Mark claims, were based on claims of privilege, claims which would be unaffected by joining Travelers as a party plaintiff. Moreover, as Agri–Mark points out, several courts have resolved similar issues by requiring the insurer to agree to be bound by discovery rules applicable to named parties. (See Pl.'s Mem. (citations omitted).)

In the court's opinion, Traveler's "solution" is inadequate. If anything, it illustrates "that one of the problems with the ratification option is that it has no definition." Entman, 68 N.Car.L.Rev. at 945. As Ms. Entman points out:

The sole authority for ratification is the single word included in the 1966 edition to rule 17(a). Nothing in the rule itself or in its legislative history explains the scope of ratification. Neither the rule nor the advisory committee's note addresses questions such as who controls the action and has settlement authority; to what the ratifier must agree, when, and in what form; and to what liability such as expenses, costs, attorney's fees, and burdens of discovery the ratifier is subject.

*Id.* Thus, discovery in only a panoply of issues which arises out of the absence of a real party in interest.

Moreover, the court has a significant interest in avoiding disputes about the scope of ratification, its effect on other procedural matters, *res judicata,* costs, sanctions, and the existence or non-existence of diversity jurisdiction. *See* June F. Entman, *Compulsory Joinder of Compensating Insurers: Federal Rule of Procedure 19 and The Role of Substantive Law,* 45 Case W.Res.L.Rev. 1, 17 (1994). While ratification may appear to be a simple alternative, the nascency of this action favors joinder. *Compare Allwaste Envtl. Services,* 911 F.Supp. at 31 (allowing ratification at summary judgment stage); *National Safe Corp. v. Texidor Sec. Equip., Inc.,* 101 F.R.D. 467, 472 (D.P.R.1984) (permitting ratification on eve of trial).

In requiring joinder, the court does not necessarily accept Niro's third argument that "the true nature of this insurance subrogation case" should be unmasked before a jury. (Def.'s Mem. at 5.) As Agri–Mark points out, such a revelation may be prejudicial. *See Roy v. Star Chopper Co.,* 584 F.2d 1124, 1135 (1st Cir.1978); *Celanese Corp. of Am. v. John Clark Indus.,* 214 F.2d 551, 556 (5th Cir.1954); *Goldstein v. Gontarz,* 364 Mass. 800, 309 N.E.2d 196, 203 (1974). *See also* Entman, 68 N.Car.L.Rev. at 950 n. 395 ("There is a difference between what must be in a pleading and what must be revealed to a jury.") For the moment, however, the question of prejudice need not be addressed. *See Tucson Elec. Power Co. v. Bailey Controls Co.,* 145 F.R.D. 102, 104 (D.Ariz.1992) (concern about jury prejudice is irrelevant to Rule 19 motion). Travelers' joinder does not necessarily mean that the jury must or will be informed of its presence at the time of trial.

## III. CONCLUSION

For the reasons stated, Niro's motion, to the extent it seeks to compel Travelers to be joined as a party plaintiff, is ALLOWED. Agri–Mark shall take steps to ensure such joinder within twenty-one days from the date

hereof. In all other respects, Niro's motion is DENIED.

IT IS SO ORDERED.