Benjamin H. GANNETT and Boomer
Enterprises, LLC, Plaintiffs,

v.

Malcolm L. PETTEGROW and Malcolm
L. Pettegrow, Inc., Defendants.

Civ. No. 03–228–B–W.

United States District Court,
D. Maine.

Oct. 19, 2004.

Michael X. Savasuk, Law Office of Michael X. Savasuk, Portland, ME, for Plaintiffs.

David C. King, Rudman & Winchell, Bangor, ME, for Defendant.

## ORDER ON DEFENDANTS' MOTION FOR SUBSTITUTION AND JOINDER OF REAL PARTY IN INTEREST

WOODCOCK, District Judge.

### I. INTRODUCTION

Responding to a lawsuit from a boat owner for damages allegedly caused by faulty design and construction, the boat builder has filed a Motion to Join as a Party the owner's insurance company, which paid a portion of the claimed damages, and a Motion to Substitute the insurer for the individual boat owner. Pursuant to Fed.R.Civ.P. 17, this Court grants the Motion to Join the insurer as a party, but pursuant to Fed.R.Civ.P. 19, it denies the Motion to Substitute Parties.

### II. STATEMENT OF FACTS

On October 30, 1995, Plaintiff Benjamin Gannett (Gannett) and Defendant Malcolm L. Pettegrow, Inc. (Pettegrow, Inc.) entered into a written agreement wherein Pettegrow, Inc. agreed to build and sell a sixty-five foot vessel.[1] At some later point, Gannett formed Boomer Enterprises, LLC (Boomer), a Massachusetts corporation, which became the documented owner of the completed vessel.[2] Gannett and Boomer have sued Pettegrow, Inc. and Malcolm Pettegrow (Pettegrow), claiming substantial damages resulting from allegedly faulty design, manufacture, and construction of the vessel. Atlantic Mutual Insurance Company (Atlantic Mutual) is Boomer's insurer and paid a portion of the

---

1. Plaintiff Benjamin Gannett is a resident of Massachusetts; Plaintiff Boomer Enterprises, LLC is a Massachusetts corporation; Defendant Malcolm L. Pettegrow is a resident of Maine; and Defendant Malcolm L. Pettegrow, Inc. is a Maine corporation. This Court's jurisdiction is grounded on 28 U.S.C. § 1332.

2. This is the full extent of the information available to the Court regarding the ownership relationship between Gannett and Boomer.

damages to Boomer.[3] Pettegrow, Inc. counterclaimed against both Gannett and Boomer, alleging it is owed substantial money under the terms of the contract.

## III. DISCUSSION

### A. Motion to Join Atlantic Mutual as a Real Party in Interest

■ The parties agree Atlantic Mutual should be joined as a real party in interest pursuant to Rule 17.[4] Atlantic Mutual paid only a portion of the damages to the vessel, and the following rule applies:

> The insurer who pays a part of the loss is only partially subrogated to the rights of the insured.... The respective rights of the party in this situation parallel those when there has been a partial assignment. Either the insured or the insurer may sue. Thus, if the insured brings suit, the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery. If either sues and the other does not voluntarily join or intervene, defendant may protect himself from multiple lawsuits by having the absent party joined.

6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1546 (2d ed.1990); *see also United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

This rule, adopted by the Supreme Court in *Aetna Casualty,* has been applied in the First Circuit. *See State Farm Mut. Liab. Ins. Co. v. United States,* 172 F.2d 737, 739 (1st Cir.1949)(a partial subrogee is a real party in interest under Rule 17(a), and therefore has standing to sue in his own name, subject only to the right of the defendant, by making timely objection, to insist upon the joinder of the other parties in interest in order to avoid a split-up of the cause of action); *Agri–Mark, Inc. v. Niro, Inc.,* 190 F.R.D. 293, 296 (D.Mass.2000)( "It appears relatively well settled that an insurer who has paid part of a loss suffered by its insured and has been at least partially subrogated to the insured's right has substantive rights against a tort feasor qualifying it as a real party in interest."). Based on the concurrence of the parties and consistent with well settled law, the Motion to Join Atlantic Mutual as a Real Party in Interest is granted.

### B. Motion to Substitute Party

■ The Defendants' Motion to Substitute Party is another matter. Pursuant to Rule 19(a),[5] the Defendants seek to substitute Atlantic Mutual "in place of Benjamin Gannett," claiming Gannett suffered no unreimbursed loss and has no ownership interest in the vessel. The Plaintiffs object, noting the boatbuilding contract was entered into between Gannett and Pettegrow, Inc. and it was not until later that Boomer was formed

---

**3.** There is no information regarding Atlantic Mutual Insurance Company and the effect its joinder as a party in interest may have on this Court's jurisdiction.

**4.** Rule 17(a) states, in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
> Fed.R.Civ.P. 17(a).

**5.** Rule 19(a) states:

> A person who is subject to service of process and whose joinder will not deprive the court of

jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
> Fed.R.Civ.P. 19(a).

and assumed ownership of the vessel. To determine whether Gannett continues to be a proper party, it is essential to know whether Gannett has any continuing legal interest in the claim. This the Court cannot do, based on the sketchy record before it.

In their Second Amended Complaint, the Plaintiffs allege, and in their Answer the Defendants admit, that the original contract was between Gannett and Pettegrow, Inc. Moreover, in their Counterclaim, Pettegrow, Inc. countersued both Gannett and Boomer for amounts allegedly due under the original contract. There is, however, a paucity of information before the Court about the assignment from Gannett to Boomer, including: when Boomer was formed; whether and when Gannett's rights under the Pettegrow, Inc. contract were ever validly assigned to Boomer; whether the assignment was a complete or partial assignment;[6] and whether Gannett sustained damage for property not assigned to Boomer. *See generally* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, § 1545.

There is insufficient information to grant the Defendants' Motion to Substitute Party, and it is denied.[7]

## IV. CONCLUSION

Defendants' Motion to Join Atlantic Mutual Insurance Company is GRANTED without objection. Defendants' Motion to Substitute Atlantic Mutual Insurance Company for Plaintiff Benjamin H. Gannett is DENIED without prejudice.

---

6. When all the rights to a claim have been assigned, courts generally have held that the assignor no longer may sue. However, if there has been only a partial assignment, the assignor and the assignee each retain an interest in the claim and are both real parties in interest. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1545 (2d ed.1990).

7. As a practical matter, it makes little sense at this early stage to dismiss Gannett. Boomer alone can maintain the cause of action if there was a valid and complete assignment from Gannett to Boomer. *See id.* In this case, however, the boatbuilding contract was entered into between Gannett and Pettegrow, Inc. and it forms not only the basis for the Plaintiffs' cause of action, but also the basis for Pettegrow, Inc.'s counterclaim. To avoid motions to implead parties previously dismissed, it makes more sense to retain the potentially liable parties until the facts are fully developed. The Court denies the motion without prejudice, because it may later become evident Gannett is not a proper party.